The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RSUI INDEMNITY COMPANY, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VISION ONE, LLC, a Washington limited liability company; and BERG EQUIPMENT & SCAFFOLDING CO., INC., a Washington corporation,<br><br>　　　　　Defendants. | NO. C08-1386RSL<br><br>VISION'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION<br><br>NOTE ON MOTION CALENDAR:<br>Friday, August 28, 2009 |

VISION'S MOTION TO PRECLUDE COLLATERAL ATTACK ON
SUPERIOR COURT'S REASONABLENESS DETERMINATION
(C08-1386RSL)

2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## I. INTRODUCTION

Vision One, LLC and Berg Equipment & Scaffolding Co., Inc. seek a ruling by this court that the Pierce County Superior Court's September 15, 2008 reasonableness determination to which RSUI was a party by intervention is not subject to collateral attack by RSUI in this federal court case. The reasonableness determination (and finding of no fraud and collusion) was made in Superior Court and is now on appeal in the Washington State Court of Appeals, Division II. RSUI previously intervened and presented to the trial court its opposition to the reasonableness determination. At the hearing, Judge Kitty-Ann Van Doorninck found, in connection with RSUI's claims of lack of proper notice and opportunity to meaningfully evaluate the settlement, that RSUI had been "able to be involved as much as they wanted to." *Edmonds Decl.,* Ex. I, 6:13-22.[1] As noted by RSUI's own expert, Alan Windt, in his treatise entitled *Insurance Claims and Disputes 4th,* § 6.22, p.6-198:

> As a general rule, once a final judgment has been entered on behalf of the party suing the insured, the insurer may not, absent collusion, reopen the factual or legal basis of the judgment when the insured makes a coverage claim.

Washington law is in accord with Mr. Windt's analysis. For the reasons set forth in the memorandum, RSUI should not be permitted to now "go behind" the superior court's ruling and re-litigate the issue of the reasonableness of the settlement in this court.

## II. STATEMENT OF FACTS

A.  Background Facts of Underlying Case

On October 1, 2005, Vision was having a slab poured by a specialty contractor for a pedestrian walkway over a parking garage in Tacoma. The concrete contractor in charge of the shoring supporting the slab was D&D Construction. D&D had contracted to have shoring equipment provided by Berg. The slab collapsed during the concrete pour. Vision sued D&D and Vision One's "builder's risk" insurer, Philadelphia Indemnity, in the Superior Court of

---

[1] *See also* Edmonds Decl., Ex. M (a letter dated 1/20/08), in which Berg defense counsel Daniel Mullin advised RSUI counsel that "we would like to emphasize that we have provided all reports to RSUI <u>for over a year now</u>" and "[w]e are confident that RSUI would have evaluated this case by now." *Id.* (emphasis added).

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 1
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  Washington for Pierce County, Cause No. 06-2-05810-6.  Vision also sued Berg directly and by
2  assignment of D & D's rights (after settlement with D&D).

3        RSUI was an excess insurance carrier for Berg.  RSUI denied excess coverage to Berg for
4  the claims asserted against Berg by Vision One.  *Edmonds Decl.*, Ex. I, at 37:16-18 (9/15/08
5  hearing in which RSUI affirms that it denied coverage to Berg).  RSUI had previously been
6  notified that an <u>assignment of Berg's rights</u> would likely result from its continued denial.  *Id.* at
7  Ex. G, at 13:3-8.

8  B.    <u>Vision One and Berg Enter Into a Settlement Agreement</u>

9        On the eve of the lengthy scheduled jury trial, set to begin September 8, 2008, Vision and
10 Berg, and their cooperating insurers, reached a settlement.  The settlement was the result of
11 prolonged arms length negotiations.  Vision and its insurers agreed to indemnify Berg against all
12 bodily injury claims totaling over $5 million, and Berg avoided all property damage claims
13 totaling over $5 million.  Berg's primary insurer, Admiral, agreed to pay Vision its limits of $1
14 million.[2]  Berg further agreed to an entry of judgment against it for $2.3 million, enforceable
15 only against RSUI based on Berg's assignment to Vision One of any coverage or other claims
16 that Berg may have against RSUI.  *Edmonds Decl.*, Ex. A.  Vision One agreed not to execute
17 against Berg for any of the stipulated judgment.  There were many other provisions negotiated at
18 arms length by seven parties, represented by five separate counsel.  Unlike many settlements,
19 insurers were parties and had their own counsel.  A condition of settlement was that it had to be
20 approved and found reasonable by the court at a reasonableness hearing.  Details of that
21 proceeding and subsequent appeal are set forth in documents attached to the Edmonds
22 Declaration (as well as Killian Declaration).

23       A key chronology of facts, as more fully explained in the Edmonds Declaration, include:
24 • At the September 15, 2008 reasonableness hearing, Pierce County Superior Court Judge
25    Kitty-Ann Van Doorninck found that RSUI had been "<u>able to be involved as much as they</u>

---

[2] Although Admiral and RSUI had similar Residential Work exclusions, RSUI denied coverage while Admiral paid its limit.

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 2
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

wanted to" and that it was – after coverage was denied – not "Berg's responsibility to continually ask them to provide coverage." *Edmonds Decl.*, Ex. J, 6:13-22 (emphasis added).

- RSUI acknowledged at the reasonableness hearing that they had denied coverage since April of 2007. *Id.* at Ex. I, at 37:16-18.

- Contrary to RSUI's position prior to and after denying coverage, and as was pointed out explicitly by Berg's counsel and at least implicitly by the Court's finding quoted above, the burden was not on Berg to prove coverage after RSUI denied. *Id.* at Ex. G, at 13:1-2; 9-16; 15:24-25; 16:1-2.

- RSUI was warned well in advance of the hearing that Berg was facing exposure well above Admiral's $1 million and that RSUI needed to be "on board immediately." Berg's files had been and were made available. *Id.* at Ex. M.

- Although RSUI's counsel attended mediation in February 2008, he "absolutely refused" to participate in any meaningful way. *Id.* at Ex. G, at 13:3-8.

- After the February 8, 2008 mediation, RSUI did not ask for any additional factual information about the claim. *Id.* at Ex. E, at ¶ 10; Ex. F, at ¶ 5.

- RSUI was notified on September 9, 2008 of the reasonableness hearing, which took place on September 15, 2008.[3] Berg files had been available to RSUI since at least April 2007. *See Killian Decl.*, Ex. A. RSUI timely filed a Notice of Appeal with Division Two of the Washington State Court of Appeals.[4]

- In this federal court action, RSUI has submitted expert reports that confirm its intention to "go behind" and collaterally attack Judge van Doorninck's Order.[5]

---

[3] Judge Van Doorninck denied RSUI's request for a two-week continuance because she was already familiar with the case (having already "made 100 decisions pretrial" in the case, see *Id.* at Ex. H, at 4:2-3) and around 100 potential jurors had been in the week before for jury selection in the underlying coverage dispute with Philadelphia. *Id.* at Ex. G, at p. 6:22-25; 7:1-8.
[4] In its Notice, RSUI stated that it was seeking review of (1) Order on Approval and Reasonableness of Settlement; and (1) the trial court's denial of RSUI's Motion to Continue Reasonableness Hearing for two weeks. *Id.* at Ex. P.
[5] *Id. at* Exs. R & S.

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 3
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

III. <u>ISSUE PRESENTED</u>

Whether RSUI should be permitted to collaterally attack a superior court's final judgment in federal court, which was litigated by all parties and is currently on appeal in state court?

IV. <u>EVIDENCE RELIED UPON</u>

Vision and Berg rely upon the Declarations of Jerry B. Edmonds and Teena M. Killian, with attached exhibits, and the pleadings already on file with the Court.

V. <u>LEGAL ANALYSIS</u>

A.   <u>Federal Courts Give Full Faith and Credit to State Court Rulings.</u>

It is well settled that state court judgments are provided full faith and credit in federal court. 28 U.S.C. § 1738. As noted in one oft-cited federal treatise:

> Federal courts ordinarily honor the res judicata effects of state-court judgments. More often than not federal and state res judicata rules are the same, and state judgments are honored without need for further explanation. When explanation is given, the general rule is clearly stated: a state-court judgment commands the same res judicata effects in federal court that it would have in the court that entered it. The general rule is so well settled that it is almost as well served by annotation as explanation.

Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 4469 at 70 (2002). *Accord, Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984) (noting that "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so. . . .").

In this case, the reasonableness determination made by Judge Van Doorninck should be granted the same preclusive effect as it would in state court. If another state court judge would refrain from permitting the relitigation of the reasonableness determination – as it is a final determination currently on appeal – then this federal court should do the same.

B.   <u>Consistent with Mr. Windt's Analysis, RSUI Should be Estopped From Reopening the Factual or Legal Basis of the Judgment</u>.

The quote from RSUI expert Alan Windt in the Introduction portion of this memorandum accurately summarizes the principles governing the issue before this court: once a carrier has

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 4
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

been given an opportunity to participate, and declines, it loses any right to collaterally attack the issues, factual and legal, necessarily adjudicated in order for the judgment to be rendered in the underlying action.[6] This is consistent with both Washington decisions and those from other jurisdictions:

> Once a final judgment has been entered on behalf of the party suing the insured, the insurer may not, absent collusion, reopen the factual or legal basis of the judgment when the insured makes a coverage claim. This is true whether or not the insurer defended the insured and, if it did not defend, whether or not such refusal is justified.[7] The insurer will be estopped from contesting the insured's liability, the injured parties' right to recover from the insured, and the amount of the underlying loss.[8]

*Accord, Public Utility District No. 1 of Klickitat Co. v. International Ins. Co.,* 124 Wn.2d 789, 809-10, 881 P.2d 1020 (1994) ("To require claims to be actually proved in an action to enforce a settlement and collect insurance proceeds would defeat the purpose of settlement agreements").[9] RSUI should be estopped from relitigating the factual and legal issues adjudicated by Judge Van Doorninck in the underlying case.

C.      Washington Claim and Issue Preclusion Law Precludes Collateral Attack.

In Washington, courts apply the doctrine of res judicata and collateral estoppel to prevent repetitive litigation of claims or causes of action arising out of the same facts and to "conserve judicial resources, and prevent the moral force of court judgments from being undermined." *Hisle v. Todd Pac. Shipyards Corp.*, 113 Wn. App. 401, 410, 54 P.3d 687 (2002), *aff'd*, 151 Wn.2d 853, 93 P.3d 108 (2004).

As discussed below, RSUI is precluded from relitigating the reasonableness determination by both res judicata and collateral estoppel. As an intervenor in the prior reasonableness hearing, RSUI presented declarations and pleadings to contest the reasonableness determination. The court considered RSUI's arguments, both on paper and at the hearing, as well as the arguments made by Berg and Vision. At the conclusion of the hearing, the court

---

[6] *Windt, supra,* at 6:22.
[7] *Id. Accord, Eason v. Weaver,* 557 F.2d 1202, 1204-1206 (5th Cir. 1977).
[8] *Id.*
[9] *Accord, McCraney v. Fire & Casualty Ins. Co.*, 182 Ga.App. 895, 357 S.E.2d 327 (1987).

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 5
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

ruled that the settlement was reasonable and not the product of collusion or fraud. RSUI has since appealed that determination to the Court of Appeals, which is the proper forum for a further "attack" on the reasonableness determination. RSUI should not be permitted to both appeal the reasonableness determination in state court and relitigate the same issue in federal court.

1. <u>The Doctrine of Res Judicata Should Bar RSUI's Relitigation of the Reasonableness Determination In Federal Court</u>

Courts have applied res judicata effects from a final judgment if the first and second proceeding were identical in (1) subject matter; (2) claim or cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made. *See Pederson v. Potter*, 103 Wn. App. 62, 11 P.3d 833 (2000); *see also* Trautman, *Claim Preclusion in Civil Litigation in Washington*, 60 Wash. L.Rev. 805, 812 (1985) (*hereinafter* Trautman, *Claim Preclusion*). When these four requirements are satisfied, all matters that were considered or could have been considered in the prior action, if part of the same claim or cause of action, merge with the judgment and cannot be the basis of a later action. *See Marino Property Co. v. Port Com'rs of Port of Seattle*, 97 Wn.2d 307, 644 P.2d 1181 (1982); Trautman, *Claim Preclusion* at 813-14.

Here, the first element, subject matter, is satisfied as the proceeding in Pierce County and the current federal case both concern, in pertinent part, RSUI's objection to the reasonableness of settlement.

Second, as to identity of claim or cause of action, RSUI is precluded from raising arguments against the reasonableness determination that it raised or could have raised in the prior Pierce County proceeding. An excellent example of the doctrine, as noted by one distinguished commentator, involves a party who, after successfully suing for specific performance on a contract, was precluded from bringing a subsequent action for damages for delays in performance occurring prior to the institution of the first action. *See* Trautman, *Claim Preclusion* at 814 (citing *Sanwick v. Puget Sound Title Ins. Co.*, 70 Wn.2d 438, 423 P.2d 624

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 6
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

(1967)).  The reasonableness hearing – which is a recognized summary proceeding provided for under Washington law, RCW 4.22.070 – provided RSUI an established forum to raise any objections it may have to the Berg/Vision settlement.  RSUI did in fact challenge the settlement, arguing that it was an excessive amount and the product of bad faith.  It may not relitigate these same claims in federal court.

As to elements three and four, identify of "persons and parties" and "the quality of the person for or against whom the claim is made," it is a general rule that all parties to the original proceeding are bound by the judgment therein.  In Washington, courts have long held that intervenors to an action are parties to whom res judicata applies.  *See Moore v. Sacajawea Lumber & Shingle Co.*, 144 Wash. 38, 256 P. 331 (1927) (holding that intervenor, taking part in proceedings on allowance of receiver's account, is bound thereby); *Comer v. Moore & Co.*, 115 Wash. 61, 196 P. 591 (1921) (holding that persons who stipulated themselves as parties defendant are bound by the judgment).  Other jurisdictions concur with this conclusion.  *See e.g.*, *Watergate West, Inc. v. Barclays Bank, S.A.*, 759 A.2d 169, 179 (D.C. 2000) (holding that " an intervenor who actively participates in the litigation is subject to res judicata just as an initially named party") (*citing* 47 Am.Jur.2d Judgments, § 659 (1999)).  Thus, RSUI, as a party to the reasonableness hearing, is precluded from now relitigating the reasonableness of settlement in this federal action.

> 2. <u>In the Alternative, The Doctrine of Collateral Estoppel Should Also Bar RSUI's Relitigation of the Reasonableness Determination In Federal Court</u>

Collateral estoppel, or issue preclusion, operates as to issues that were actually litigated and determined in the prior lawsuit.  *Pederson v. Potter*, 103 Wn.App. 62, 69, 11 P.3d 833 (2000); Trautman, *Claim Preclusion* at 812-13.  The question of whether a party had a full and fair opportunity to litigate turns on whether (1) the issue decided in the prior action was identical to the issue presented in the second action; (2) the prior action ended in a final judgment on the merits; (3) that the party to be estopped was a party or in privity with a party in the prior action; and (4) the application of the doctrine would not work an injustice.  *Nielson v. Spanaway Gen.*

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 7
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

*Med. Clinic, Inc.*, 135 Wn.2d 255, 262, 956 P.2d 312 (1998), Trautman, *Claim Preclusion* at 812.

First, as to identify of issues, RSUI is seeking, as it did in the Pierce County proceeding, to challenge whether Vision and Berg reached a reasonable settlement. To this end, RSUI will need to challenge the settlement based on the same *Glover/Heights of Issaquah* factors.[10]

Second, it is clear that the reasonableness hearing resulted in a final decision that is now on appeal before the Washington Court of Appeals. *Edmonds Decl.*, Ex. P (RSUI filed a notice of appeal on the "Order on Approval and Reasonableness of Settlement, entered by the Pierce County Superior Court on September 15, 2008."). In order for the Court of Appeals to accept review – which it has in this case – it must determine that there was a "final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs." RAP 2.2(a)(1).[11] See, by way of contrast, cases in which courts have refused to apply collateral estoppel because the litigant did not have a meaningful opportunity to appeal. *State Farm Mut. Auto Ins. Co. v. Avery*, 114 Wn. App. 299, 57 P.3d 300 (2002) ("[W]e will not deny a party the chance to litigate the issue if it was statutorily denied an opportunity to appeal.") (Citing Restatement (Second) of Judgments § 28(1) & Cmt. a (1980)).

Third, RSUI was a party in the prior proceeding and thus is collaterally estopped in the current litigation. For purposes of collateral estoppel, "'parties' does not refer to formal or paper

---

[10] See Edmonds Declaration at p. 3, footnotes 1 and 2.

[11] This appellate rule raises another important point: the Pierce County reasonableness determination is a final judicial decision that is now enforceable. *See* RAP 7.2(c) (stating that once a judgment is final, a "trial court has authority to enforce any decision of the trial court and a party may execute on any judgment of the trial court."). Thus, this court should not abstain from proceeding with the case, as the Pierce County judgment has full preclusive effect during the pendency of the state appeal. *See Starzenski v. City of Elkhart*, 87 F.3d 872, 877-78 (7th Cir. 1996). As the 7th Circuit in *Starzenski* noted, a federal district court should not stay proceedings until all state court appeals have been exhausted. Rather, when state law provides that a pending appeal does not undermine the force of judgment – as it does in Washington, RAP 7.2(c) -- then the federal court should proceed. As noted in *Starzenski*, federal courts that have applied the abstention doctrine involved cases in which the state court had not rendered a final judgment. *Id.* at 878; citing *Rosser v. Chrysler Corp.*, 864 F.2d 1299 (7th Cir. 1988) (federal court issued stay because state court had not rendered final judgment); *Lumen Construction Inc. v. Brant Construction Co.*, 780 F.2d 691 (7th Cir. 1988) (same). But in *Starzenski*, as in this case, the "state court already rendered a decision, [and thus] there was no reason for the district court to stay proceedings pending a final outcome." *Starzenski*, 87 F.3d at 878.

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 8
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

parties, but to parties in interest, that is, the persons whose interests are properly placed before the court by someone with standing to represent them are bound by the matters determined in the proceeding." 1B J. Moore, Moore's Federal Practice ¶ 0.411[1] at 390-91 (2d ed. 1983). Courts have found litigants intervening on appeal to be "parties" to the litigation who are bound by the outcome. *See Local 322, Allied Indus. Workers of America, AFL-CIO v. Johnson Controls, Inc., Globe Battery Div.*, 921 F.2d 732, 734 (7th Cir. 1991) (applying collateral estoppel to a party who intervened on appeal after being denied the right to intervene in district court, where intervenors' "arguments were addressed by [appellate court's] decision"); *c.f., Garcia v. Wilson*, 63 Wn. App. 516, 520, 820 P.2d 964 (1991) (noting that collateral estoppel may apply when a "nonparty knowingly declined the opportunity to intervene but presents no valid reason for doing so").

Finally, there is no evidence that application of the collateral estoppel doctrine will work an injustice. The injustice prong of the collateral estoppel doctrine is rarely applied and "calls for an examination primarily of procedural regularity." *Thompson v. State, Dept. of Licensing*, 138 Wn.2d 783, 799-800, 982 P.2d 601 (1999). While there is no definite standard as to what constitutes "procedural regularity" at a reasonableness hearing, a trial court's determination of reasonableness is granted deference unless there was an "abuse of discretion." *See, e.g., Howard v. RSUI*, 121 Wn. App. 372, 89 P.3d 265 (2004). In *Howard*, RSUI argued – as it will in this case and the Court of Appeals – that the trial court's reasonableness determination was in error because it denied RSUI's "request to reopen discovery and postpone the date of the reasonableness hearing." *Id.* at 379. The Court of Appeals rejected RSUI's argument and affirmed the trial court's reasonableness determination. As the *Howard* court noted, RSUI was not a "complete stranger to the case" and had an opportunity to litigate its opposition to a settlement. Thus the trial court did not abuse its discretion.[12]

---

[12] An "abuse of discretion," as interpreted by Washington courts, "occurs if no reasonable person would adopt the position of the trial court," *Housel v. James*, 141 Wn. App. 748, 755, 172 P.3d 712 (2007); and when the "trial court's discretion is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Hoglund v. Meeks*, 139 Wn. App. 854, 875, 170 P.3d 37 (2007).

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 9
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Here, while there are some factual differences from the *Howard* case, RSUI did have an opportunity to intervene and litigate its opposition to the settlement at the reasonableness hearing in Pierce County. As one noted commentator has explained: "The requirement of actual litigation of an essential issue provides some assurance that the issue received the attention of the parties and the judge in the first proceeding, thereby justifying its conclusive effect in the second." Trautman, *Claim Preclusion* at 833, citing *Dixon v. Fiat-Roosevelt Motors*, 8 Wn. App. 689, 509 P.2d 86 (1973). The reasonableness hearing conducted in Pierce County Superior Court most certainly received the attention of the parties and the judge.

While RSUI may argue, as it did in *Howard*, that the judge was incorrect to deny RSUI's request to postpone the reasonableness hearing, the evidence shows that RSUI had adequate time prior to the hearing to intervene and defend its interest. This is especially true since RSUI was not a "complete stranger to the case," had continually denied coverage, participated in mediation, and had access to files. Other courts have held that similar notice of a reasonableness hearing is adequate. *See, e.g.*, *Red Oaks Condominium Owners Association v. Sundquist Holdings, Inc.*, 128 Wn. App. 317, 116 P.3d 404 (2005). In *Red Oaks*, a settling party's insurer, MOE, argued that a lack of adequate notice (six days) of a reasonableness hearing resulted in insufficient discovery. However, the *Red Oaks* court noted that MOE was not a "stranger to the case" as it had been involved in the dispute long before the parties settled and consistently denied coverage. Accordingly, the court found that six days "was a reasonable amount of time for MOE to make an appearance and defend its interests at the hearing." *Id.* at 326; *see also* D. DeWolf, 16 Wash. Prac., Tort Law and Practice § 12.44 (3d. 3d) (noting that the notice requirement for reasonableness hearing may be shortened if the court is "in the middle of a jury trial where time is of the essence.") (citing *Zamora v. Mobil Corp.*, 104 Wn.2d 211, 223, 704 P.2d 591 (1985), in which the court was in the middle of a jury trial and was already "intimately acquainted with all aspects of the case").

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 10
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

In this case, just as in *Red Oaks*, RSUI had six days to prepare for the Reasonableness Hearing on September 15, 2008 to oppose the settlement. As noted, RSUI had access to files since at least April of 2007.[13] By all accounts, RSUI was no "stranger to the case." Moreover, Judge van Doorninck denied RSUI's request to delay the hearing for two weeks as she was in the middle of jury selection (with over 100 jurors visiting the courtroom), and she was "intimately acquainted" with the case, having "made 100 decisions pretrial" in the case. *See Edmonds Decl.*, at Ex. H.

Other courts have found in similar circumstances that an intervenor should be precluded from challenging a prior reasonableness determination. *See Diamond Heights Homeowners Assn. v. National American Ins. Co.*, 227 Cal.App.3d 563, 582-83, 277 Cal.Rptr. 906 (1991) (an excess carrier who participated and litigated its case at a reasonableness hearing was precluded under the doctrines of res judicata and collateral estoppel from relitigating those same arguments in a subsequent hearing);[14] *see also Green v. City of Wenatchee*, 148 Wn. App. 351, 199 P.3d 1029 (2009). In *Green*, the trial court has now been required by the appellate court to reconsider its reasonableness determination because the trial court considered itself bound and the intervening insurers bound by stipulated findings made by the court *prior to* the insurer's intervention and reasonableness hearing. No such reliance on prior stipulated findings by the court occurred in this case. *Id.*

Rather, RSUI had ample opportunity to present its case and its arguments were given adequate attention by the court, as shown by the court transcript and voluminous materials considered by Judge Van Doorninck. *Edmonds Decl.*, Ex. K. Unlike *Green*, the court approved the $2.3 million judgment and conducted a reasonableness hearing on the same date, after RSUI was permitted to intervene to contest all aspects of the settlement. Also, in contrast to the

---

[13] Killian Declaration, Exhibit A.

[14] In *Pruyn v. Agricultural Ins. Co.*, 36 Cal.App.4th 500, 42 Cal.Rptr.2d 295 (1995), the court refused to follow *Diamond Heights* because the statute governing California's reasonableness hearing, section 877.6, does not provide a party aggrieved by the determination a right to appeal, thus negating that party's due process rights. Here, as noted, RSUI has in fact appealed the reasonableness determination.

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 11
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

distinction in *Pruyn*, RSUI had the opportunity – and did in fact – appeal the court's ruling. For these reasons, RSUI should now be precluded from relitigating the reasonableness of settlement.

The right of the intervenor RSUI to appeal is important and has been exercised in this case. If another court is to second guess Judge Van Doorninck's decisions, Vision and Berg respectfully submit that such second guessing, if it is to occur at all, is the proper function of the Court of Appeals – under the abuse of discretion standard – not this court with the possibility of inconsistent decisions.

## VI. CONCLUSION

For the foregoing reasons, Vision and Berg request that this court rule that the superior court's September 15, 2008 reasonableness determination be given full faith and credit and that it is not subject to collateral attack by RSUI. A proposed Order is being filed herewith.

DATED this 13th day of August, 2009.

> /s/ Jerry B. Edmonds, WSBA #6639
> /s/ Teena M. Killian, WSBA #15805
> Attorneys for Defendant Vision One, LLC
> WILLIAMS, KASTNER & GIBBS PLLC
> 601 Union Street, Suite 4100
> Seattle, WA 98101-2380
> Telephone: (206) 628-6600
> Fax: (206) 628-6611
> Email: jedmonds@williamskastner.com
> tkillian@williamskastner.com

VISION'S MOTION TO PRECLUDE RSUI'S COLLATERAL ATTACK - 12
(C08-1386RSL)
2582789.5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600