The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RSUI INDEMNITY COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> VISION ONE, LLC, a Washington limited liability company; and BERG EQUIPMENT & SCAFFOLDING CO., INC., a Washington corporation, <br><br> Defendants. | NO. C08-1386RSL <br><br> DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION |

I, Jerry B. Edmonds, say:

1. I am an attorney with Williams, Kastner & Gibbs and am counsel for Vision One, LLC, and Berg Equipment & Scaffolding Co., Inc. The records referenced below relate to the consolidated Pierce County Superior Court litigation regarding the October 1, 2005, concrete slab collapse and subsequent appeal.

2. <u>Settlement between Vision and Berg, et al</u>: Attached hereto as **Exhibit A** is a true and correct copy of the court approved Settlement Agreement between Vision, Berg, D&D, and three insurers. This settlement was conditioned on approval by the court and a

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION - 1 (C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3

finding of reasonableness. Among the several attorneys involved in negotiating the settlement, Peter Petrich, corporate counsel for Berg, submitted a declaration affirming that the settlement was the product of protracted, arms-length negotiation:

> The subject settlement agreement is the product of 61.50 hours of my time alone. I am confident that Dam Mullin has expended considerable [sic] more hours on the settlement negotiations that have been adversarial and conducted at arm's length. At no time has there been any collusion between Berg and Vision One regarding any aspect of this case, much less settlement negotiations....After an exhaustive analysis I believe the settlement is fair and reasonable.

Attached hereto as **Exhibit D** is a true and correct copy of P. Petrich's 9/11/08 Declaration.

       3.    <u>RSUI Received Notice of Reasonableness Hearing and Moved to Intervene</u>: Attached hereto as **Exhibit B** is a true and correct copy of the September 9, 2008 Notice to RSUI that a "hearing to determine the approval and reasonableness of the settlement agreement" would be held on Friday, September 12, 2008. RSUI moved to intervene, and on September 11, 2008, Pierce County Superior Court Judge Kitty-Ann Van Doorninck signed an Order noting that "RSUI will be allowed to argue its motion to intervene and to continue the reasonableness hearing on Friday, September 12, 2008 at 2:30 pm." Attached hereto as **Exhibit C** is a true and correct copy of September 11, 2008 Order.

       4.    <u>September 12 Hearing: Court Continues Reasonableness Hearing</u>: A hearing before Judge Van Doorninck was held on September 12, 2008. Attached hereto as **Exhibit G** is a true and correct copy of the hearing transcript. Judge Van Doorninck continued the hearing for three days, rather than two weeks as requested by RSUI. The court was in the middle of jury empanelment (for claims not being settled) and time was of the essence. **Exhibit G**, at p. 6:22-25; 7:1-8 ("I know there was a request to continue this until September 26th, and as the other parties know, we had 100 jurors come in last week; we did juror

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION - 2 (C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3

questionnaires; we excused a bunch of them for hardship; we have a bunch of them on hold who are going to return next week. I am not inclined to set this over until the 26th . . ." ). Judge Van Doorninck was also very familiar with the case, having "made over 100 decisions pretrial" in the case. Attached hereto as **Exhibit H** is a true and correct copy of a February 13, 2008 transcript, in which Judge Van Doorninck notes that she made over 100 decisions pretrial, at 4:2-3.

5.  September 15 Hearing: Court Approves Reasonableness of Settlement: At the September 15, 2008 Reasonableness Hearing, Judge Van Doorninck stated, after reviewing 18 pleadings with voluminous exhibits submitted by the parties, that the settlement was reasonable pursuant to the Glover factors[1] and Issaquah Heights case.[2] The court noted that there "absolutely [was]n't any evidence" of "bad faith or collusion or fraud" thus satisfying the Issaquah Heights test. She further addressed each Glover factor, and noted that "they've also been met." Id. at 5:11-13. Attached hereto as **Exhibit I** is a true and correct of the September 15, 2008 (a.m.) transcript, see 5:7-13.

---

[1] In Glover for Cobb v. Tacoma General Hosp., 98 Wn.2d 708, 658 P.2d 1230 (1983), the Supreme Court defined numerous factors which a trial court should consider when determining if a settlement is reasonable:

> [T]he releasing person's damages; the merits of the releasing person's liability theory; the merits of the released person's defense theory; the released person's relative faults; the risks and expenses of continued litigation; the released person's ability to pay; any evidence of bad faith, collusion, or fraud; the extent of the releasing person's investigation and preparation of the case; and the interests of the parties not being released.

[2] In Heights at Issaquah, a settlement arising out of a construction defect case involving contractual obligations, the court noted that the reasonableness factors outlined in Glover arise out of tort law, yet these factors apply to settlements involving contract disputes to the extent they inform questions of bad faith, collusion, and fraud. See Heights at Issaquah Ridge Owners Ass'n v. Derus Wakefield I, LLC, 145 Wn. App. 698, 187 P.3d 306 (2008).

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION - 3 (C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3

Judge Van Doorninck, when signing the Order on Approval and Reasonableness of Settlement, noted that she had considered the arguments of the parties' counsel in connection with the hearing, as well as an extensive list of materials. These materials included:

- RSUI's Motion to Intervene and to Continue Reasonableness Hearing;
- Declaration of David R. East in Support of RSUI's Motion to Intervene and for a Continuance;
- RSUI's Reply Re: Motion to Intervene and to Continue Reasonableness Hearing;
- Declaration of Donald Frye in Support of Motion to Intervene and to Continue Reasonableness Hearing;
- Declaration of David R. East in Support of Reply re: Motion to Intervene in and to Continue Reasonableness Hearing;
- Order Granting RSUI's Motion to Shorten Time re: Motion to Intervene and to Continue Reasonableness Hearing;
- RSUI's Supplemental Brief Re Motion to Intervene and to Continue Reasonableness Hearing;
- Supplemental Declaration of David R. East;
- Declaration of Michael D. Helgren;
- Declaration of Daniel F. Mullin;
- Declaration of Tracy D. Duany;
- Declaration of Ed Berg;
- Declaration of Peter Petrich;
- Vision One and Vision Tacoma's Memorandum in Support of Approval and Reasonableness of Proposed Settlement;
- Declaration of Randy J. Aliment;
- Declaration of Roger Hebert;
- Declaration of Sheri Pfost;
- Defendant Philadelphia Indemnity's Memorandum in Opposition to Contingent Settlement Agreement;
- Declaration of Thomas D. Adams in Support of Memorandum;
- Defendant Philadelphia's Reply Memorandum;
- Defendant Philadelphia's Supplemental Memorandum;
- Vision One's Briefs in Support of Settlement (9/11, 9/12, 9/15);

The transcripts from September 12, 2008 and September 15, 2008 are attached hereto as Exhibits G and H. The Order on Approval and Reasonableness of Settlement is attached hereto as **Exhibit K**. In her Order, Judge van Doorninck stated that RSUI's request for leave to intervene "is hereby granted for the sole purpose of contesting the settlement." Judge van Doorninck went on to conclude, however, that the settlement was reasonable under applicable Washington law. *Id.*

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION - 4 (C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3

6. <u>Judge Van Doorninck states that RSUI has been **"involved as much as they wanted to"**</u>: During the September 15, 2008 Reasonableness Hearing, Judge Van Doorninck stated, in response to RSUI's argument that it had not had sufficient notice of the hearing, that:

> I think the record speaks for itself that there has been an awful lot of investigation and preparation, and the interests of the parties that are arguing against this, <u>RSUI, and I think that they've been able to be involved as much as they wanted to. I don't think that it's Berg's responsibility to continually ask them to provide coverage. I think once an insurance company says, we're denying coverage, you don't have to keep working with them, necessarily.</u> [Emphasis added]

Attached hereto as **Exhibit J** is a true and correct of the September 15, 2008 (p.m.) transcript, see 6:13-22.

7. <u>RSUI acknowledged that it denied coverage to Berg</u>: At the September 15, 2008 Reasonableness Hearing, RSUI acknowledged that "we do not dispute [Berg's] assertion that coverage was denied back in April of 27" [sic – April of 2007]. **See Exhibit I**, at 37:16-18.

8. <u>The burden was not on Berg to prove coverage</u>: Contrary to RSUI's position prior to and after denying coverage, and as was pointed out explicitly by Berg's counsel and at least implicitly by the Court's finding quoted above (see ¶ E, *supra*, and quote therein), the burden was not on Berg to prove coverage. As Peter Petrich, who is corporate counsel for Berg, explained at the September 12, 2008 hearing:

> I did confer with Mr. Helgren [RSUI's attorney] at the time of mediation. . . . Thereafter, I think it is correct that he sent me a letter in June, and asked me for some more information regarding why he thought there was coverage. I didn't think it was appropriate for me to respond to that letter, at that point. There was -- that's really his job, not my job to convince him. They had already denied coverage, and I just didn't think it was appropriate at that time. . . .
>
> . . . .
>
> We're talking about a coverage issue, Your Honor. That's not Berg's job to try to convince them, after they've denied coverage, that they do have coverage. . . .

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION - 5 (C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3

See **Exhibit G**, at 13:1-2; 9-16; 15:24-25; 16:1-2.

     9.    <u>Berg urgently requested RSUI's Cooperation</u>:  Dan Mullin, defense counsel for Berg, emphasized to Don Frye of RSUI, among others, in a January 14, 2008, that

- Berg's exposure was $10-plus million, including Vision One's claim of $5.7 million together with the bodily injury claims related to the slab collapse.

- Mediation was scheduled for February 6 and 7, 2008

- The presence of both carriers at the mediation would be necessary to reach a settlement

- <u>"We need a commitment from RSUI that they will be covering Berg so that we know what insurance is available to them.</u>  **<u>RSUI coverage and money will be necessary to protect Berg and resolve these claims</u>**."  (Emphasis added.)

- Vision One counsel had inquired as to whether Berg's coverage was only $1 million so that they could decide whether to demand that Berg personally commit funds to the settlement over and above coverage.  "Some of this may be tactical, but it is not a joke.  We need RSUI on board immediately.  This also makes it that much more important for Mr. Petrich to be involved to help protect Berg's interests in this matter."

Attached hereto as **Exhibit L** is a true and correct copy of Mr. Mullin's January 14, 2008 email.  See also **Exhibit D** (P. Petrich's 9/11/08 Declaration), at ¶ 6 and 7, in which he states that Vision was facing as much as $10 million in damages (including the bodily injury claims), and that Berg could be as much as 25% - 33% liable.

In addition, on January 20, 2008, Mr. Mullin asked Michael Helgren (RSUI's counsel) and his colleagues to "come down and review the materials."  Attached hereto as **Exhibit M** is a true and correct copy of Mr. Mullin's January 20, 2008 letter.  Also in this January 20, 2008 letter, Mr. Mullin advises Mr. Helgren:

> <u>However, we would like to emphasize that we have provided all reports to RSUI for over a year now.  RSUI has been kept apprised of all developments and has even been involved in key decisions such as consolidation of these cases.  We are coming up on mediation and the discovery cutoff, so we are very busy defending Berg.  We are confident that RSUI would have evaluated this case by now.  Nevertheless, we are certainly willing to cooperate.  We just don't

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION - 6 (C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3

> understand why it is needed when they have already been provided this information, and they have been invited to contact us at any time. It is also difficult to understand why this request is coming so late.

Id. at **Exhibit M** (emphasis added).

10. <u>RSUI reviewed the Berg file on February 5, 2008</u>: Tracy Duany, a colleague of Mr. Mullin, testified in a September 15, 2008 declaration that Michael Helgren's (RSUI's attorney) colleague, David East, did in fact visit the Mullin law office on February 5, 2008 to review and copy portions of the Berg file:

> On February 5, 2008, RSUI's counsel, David East, came to the office of the Mullin Law Group to conduct a document review. He was given complete access to Berg's documents, which filled approximately two full bookcases. At Mr. East's request, I pulled certain portions of our file for his review. He spent approximately two hours in a conference room reviewing those documents and tagging the same for copying. Mr. East then made arrangements to have the tagged documents, as well as all of the pleadings, motion papers, and written discovery, copied by an outside copy service. Mr. East was advised that any future requests to review documents should be coordinated through Berg's personal counsel, Peter Petrich.

Attached hereto as **Exhibit F** is a true and correct copy of T. Duany's 9/15/2008 Declaration, see ¶ 3. This is in contrast to Mr. East's statements at the September 12, 2008 hearing (some seven months after Mr. East's document review at the Mullin law office) that "I know nothing of this case, so I've learned about this in the past 36 hours" and that "We don't know the facts and circumstances, not even the most basic ones that will be necessary to make a determination as to whether or not this is reasonable" and that "I don't believe there has been significant communications regarding the status of this case with the insurer, directly." **Exhibit G**, at pp. 7-9.

11. <u>RSUI "absolutely refused to participate" at mediation in "any meaningful way"</u>: Although Michael Helgren attended mediation in February 2008 as counsel for RSUI, he "absolutely refused to participate in any meaningful way." Peter Petrich advised Mr. Helgren

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION - 7 (C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3

that the "absolute refusal of RSUI to participate in the mediation would probably result in Berg considering an assignment of its claim against RSUI." **Exhibit G**, at 13:3-8 (Sept. 12, 2008 transcript) (Emphasis added); see also D. Mullin's September 11, 2007 Declaration, ¶ 9, in which he states: "[a]t no time are we aware that RSUI provided any authority to or assistance with settling the claims." Attached hereto as **Exhibit E** is a true and correct copy of D. Mullin's 9/11/08 Declaration.

12. <u>After the February 8, 2008 mediation, RSUI did not ask for additional factual information</u>: The record shows that RSUI, following the February 8, 2008 mediation, did not ask for any additional factual information. RSUI asked only for legal authority. Dan Mullin testified in his September 11, 2008 declaration that he was "not aware of any request by RSUI for any information" following mediation. **Exhibit E**, at ¶ 10. Tracy Duany, in her September 15, 2008 Declaration, noted the same: "From February 5, 2008, until the instant reasonableness proceedings, I have not received any further requests from RSUI, either through RSUI's counsel or through Mr. Petrich, requesting review of any additional documents maintained that at the office of the Mullin Law Group." **Exhibit F**, at ¶ 5.

13. <u>Prior to the Settlement, Mr. Helgren advised his client, RSUI, that they should seek a status update</u>: RSUI's counsel, Michael Helgren, advised Don Frye of RSUI on August 27, 2008 (<u>nineteen days</u> before the settlement was ultimately approved) that RSUI "might want to contact defense counsel to get a status update." See M. Helgren 8/27/2008 letter to D. Frye, a true and correct copy which is attached hereto as **Exhibit N**. Despite Mr. Helgren's suggestion, RSUI did not request a status update from Berg's defense counsel, the Mullin Law Group. See **Exhibit E**, at ¶ 10 (D. Mullin's 9/11/2007 Decl.); **Exhibit F**, at ¶ 5 (T. Duany 9/15/2008 Decl.).

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION - 8 (C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3

14. <u>RSUI Files a Notice of Appeal to Challenge the Court's Reasonableness Determination</u>: Immediately following court approval of the settlement, the Builders Risk insurance claims not resolved by settlement proceeded to jury trial and final judgment. Attached hereto as **Exhibit O** is a true and correct copy of the Amended Judgment on Jury Verdict entered on December 12, 2008.

RSUI filed a timely Notice of Appeal with Division Two of the Washington State Court of Appeals. The Appeal eventually proceeded after an initial delay prior to entry of final judgment. In its Notice, RSUI states that it is seeking review of the following decisions by the trial court:

(1) Order on Approval and Reasonableness of Settlement, entered by the Pierce County Superior Court on September 15, 2008.

(2) The Trial Court's Denial of RSUI's Motion to Continue Reasonableness Hearing for Two Weeks, as set forth in the Order entered on September 15, 2008 and the Court's Memoranda of Journal Entries filed on September 12, 2008 and September 15, 2008.

Attached hereto as **Exhibit P** is a true and correct copy of the Notice of Appeal. The appeal is now pending in Division Two.

15. <u>RSUI Files a Declaratory Judgment Action with this Court</u>: On September 16, 2008, RSUI filed a Complaint[3] in this court seeking declaratory judgment that there was no coverage under RSUI's excess insurance policy. In its Complaint, RSUI states the general terms of Berg's settlement with Vision, and notes that "Berg first advised RSUI of its Agreement on September 9, 2008, when it informed RSUI of a settlement reasonableness hearing scheduled three days later." Attached hereto as **Exhibit Q** is a true and correct copy of RSUI's Complaint (the above quote can be found at ¶ 13). Further in its Complaint, RSUI alleges that a controversy exists as to whether Berg breached its duties owed to RSUI,

---

[3] A First Amended Complaint was filed on September 25, 2008.

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION - 9 (C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3

1  including but not limited to "the duty to cooperate with RSUI and the duty to not settle disputes
2  without RSUI's consent." *Id.* at ¶ 15.

3      16.   <u>RSUI's Experts Seek to Collaterally Attack the Reasonableness Determination</u>:
4  Despite Judge van Doorninck's reasonableness order, issued after review of voluminous
5  documentation and lengthy argument by <u>seven</u> attorneys from six law firms, RSUI has
6  submitted expert reports that confirm its intention to "go behind" and collaterally attack Judge
7  van Doorninck's ruling. For example, attorney James A. Smith, Jr. – an expert for RSUI –
8  notes in his declaration that Judge Van Doorninck "approved the reasonableness of th[e]
9  settlement, over the objections of RSUI[,]" and that the "court's decision in this regard is the
10 subject of a currently pending appeal." Attached hereto as **Exhibit R** is a true and correct copy
11 of J. Smith's Report. However, later in his declaration, Mr. Smith directly attacks the
12 reasonableness determination and suggests that it should the subject of collateral attack in this
13 action:

> The court approved this settlement as "reasonable" pursuant to the factors of <u>Glover v. Tacoma Gen. Hosp.</u>, 98 Wn.2d 708, 658 P.2d 1230 (1983). This does not foreclose, in my view, inquiry regarding whether the portion of the settlement assigned by the parties to RSUI was reasonable in the context of this bad faith litigation. This is particularly true, in connection with this declaratory judgment action, where bad faith is alleged against RSUI for failing to participate in a settlement where it was not afforded that opportunity. . . . A review of the settlement history demonstrates to me that the amount of the stipulated judgment was not realistic and, in fact, was inflated by the parties participating in settlement negotiations, excluding RSUI, for purposes of making a deal.

20 *Id.* at p. 10.

21      Also for the apparent purpose of attacking the $2.3 million settlement, RSUI provided a
22 report on July 8, 2009 in which their engineering expert, Corke Amento Inc., contends that
23 Berg's liability and damage exposure was less than would justify such a settlement. Attached
24 hereto as **Exhibit S** is a true and correct copy of the Corke Amento Report.
25

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION
ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON
SUPERIOR COURT'S REASONABLENESS DETERMINATION - 10
(C08-1386RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3

17. <u>Exhibits Attached to My Declaration</u>: True and correct copies of the following exhibits are attached to my declaration:

A. Signed Settlement Agreement (copy of settlement agreement showing signatures obtained on agreement approved by court).
B. Notice to RSUI On Hearing on Approval and Reasonableness of Settlement
C. Order Granting RSUI's Motion to Shorten Time Re Motion to Intervene and Continue Reasonableness Hearing;
D. Declaration of Peter T. Petrich Supporting the Reasonableness of the Settlement Agreement.
E. Declaration of Daniel F. Mullin in Opposition to a Continuance for RSUI.
F. Declaration of Tracy Duany In Support of Reasonableness of Settlement Agreement.
G. Verbatim Transcript of Proceedings (September 12, 2008).
H. Relevant Portions of Transcript of Proceedings (February 13, 2008).
I. Verbatim Transcript of Proceedings (September 15, 2008, a.m).
J. Verbatim Transcript of Proceedings (September 15, 2008, p.m).
K. Order on Approval and Reasonableness of Settlement (including granting of intervention of RSUI);
L. January 14, 2008 Email from Berg attorney, Daniel F. Mullin, to RSUI representative Don Frye, among others.
M. January 20, 2008 Letter from Mr. Mullin to RSUI attorney, Michael Helgren
N. Michael Helgren August 27, 2008 letter to Don Frye.
O. Amended Judgment on Jury Verdict
P. RSUI's Notice of Appeal to the Court of Appeals, Division II by Intervenor RSUI
Q. RSUI's First Amended Complaint for Declaratory Relief
R. Opinion of James A. Smith, Jr.
S. Opinion of Corke Amento

The foregoing statement is made under penalty of perjury under the laws of the State of Washington and is true and correct.

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION - 11 (C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3

1 Signed at Seattle, Washington, this 11th day of August, 2009.

*Jerry Edmonds*
JERRY B. EDMONDS

DECLARATION OF JERRY EDMONDS IN SUPPORT OF VISION ONE'S MOTION TO PRECLUDE COLLATERAL ATTACK ON SUPERIOR COURT'S REASONABLENESS DETERMINATION - 12 (C08-1386RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2572964.3