# EXHIBIT A

06/12/2009 16:25 FAX  2064670873        MCNAUL EBEL; SEATTLE,WA                    ☑007/047

# SETTLEMENT AGREEMENT

This Settlement Agreement is made as of this 4th day of September, 2008, by and between Vision One, LLC, Vision Tacoma, Inc. (herein together referred to as "Vision"), D&D, Inc. ("D&D"), Berg Equipment & Scaffolding Co., Inc. ("Berg"), and insurers Admiral Insurance Company ("Admiral"), Gemini Insurance Company ("Gemini") and Insurance Company of the State of Pennsylvania ("ICSOP"), with respect to the consolidated litigation relating to a concrete deck collapse on October 1, 2005, entitled <u>Vision One, LLC v. Philadelphia Indemnity Insurance Co., et al.</u>, currently pending in Pierce County Superior Court under Cause No. 06-2-05810-6 ("the Litigation").[1]

## RECITALS:

WHEREAS, the Litigation presents risk and expense to the parties to this Agreement, which risk and expense these parties wish to reduce and avoid; and

WHEREAS, with the assistance of a mediator, the parties hereto have arrived at an agreement to conclusively resolve and settle the claims by and between these settling parties;

WHEREAS, none of the parties admits any liability and agree that this Agreement does not constitute an admission of any kind;

NOW, THEREFORE, the parties hereby agree as follows:

---

[1] Pierce County Superior Court Cause Nos. 06-2-05810-6, 06-2-10938-0 and 06-2-11520-7 were consolidated by Order entered May 4, 2007 signed by the Honorable Linda CJ Lee.

2436442.1

-1-

06/12/2009 FRI 16:21 [TX/RX NO 8817] ☑007

## AGREEMENT

1.     Release.  Vision, D&D and Berg hereby agree to mutually release each other from all claims between them with respect to the October 1, 2005 collapse that is the subject of the Litigation.  This release is complete, total and global with respect to all claims, known and unknown, and has been arrived at by negotiation with the parties being represented by counsel.  For each of these entities (Vision, D&D and Berg) this release includes agents, employees, independent contractors, counsel, directors, officers, owners and stockholders.  Berg also releases any claims it may have against Sherry Pfost and/or the Estate of Duane Walters and Kamma Management Services LLC.  Berg's release includes any claims with respect to the collapse that it might have against D&D's and Vision's insurers, Gemini and ICSOP.  Vision's and D & D's release includes any claims it may have against Berg or Berg's primary liability insurer, Admiral. This release includes all claims for property damage, bodily injury, breach of contract, product liability, indemnity, contribution, subrogation, fees, costs, and business losses of any and every kind and nature, whether known or unknown, relating to or arising out of the October 1, 2005 collapse.  The sole exception to the release in this paragraph is that the parties do not release each other from potential claims for failure to perform obligations arising out of this Settlement Agreement.

2.     No Benefit to Philadelphia.  It is not the intention of any of the parties that the foregoing release or any other provisions of this Settlement Agreement in any way benefit Philadelphia Indemnity Insurance Company ("Philadelphia"), Vision's first party property insurer which has denied coverage and is the subject of the ongoing Litigation.

-2-

2336442 1

3.    Berg's Primary Insurer.  Admiral agrees to pay to Williams, Kastner & Gibbs, PLLC, in trust on behalf of Vision, One Million Dollars ($1,000,000.00) on or before the 30th day of September, 2008.

4.    Berg's Assignment Regarding Excess Insurance.  Berg agrees to assign its rights against RSUI and to a stipulated judgment in the form attached as an exhibit to this Settlement Agreement in favor of Vision One in the net sum of an additional Two Million Three Hundred Thousand Dollars ($2,300,000.00), and Vision agrees and covenants not to execute against Berg for any of this stipulated judgment. Any recovery of such sums shall be solely from Berg's liability insurers, other than Admiral but including without limitation RSUI. The risk of collecting (or not) from RSUI is a risk understood and assumed solely by Vision. It is further understood and agreed that the stipulated judgment will not be filed unless absolutely necessary to pursue claims against RSUI under the assignment. It is further understood and agreed that Berg will fully cooperate with Vision in pursuit of the RSUI claim, however, any and all fees and costs incurred after the date of this Settlement Agreement and associated with pursuing the stipulated judgment or the assignment against RSUI shall be the sole responsibility of Vision One. In addition, Berg hereby assigns to Vision all rights to work product of its experts and all rights to their future services and cooperation at no cost to Vision except that Vision will pay for any future services it requests of such experts. Berg assigns to Vision all rights to confidential consultation and advice during trial with its current counsel of record, provided Vision will pay for such future services at reasonable rates not to exceed those currently billed by counsel for Berg to Admiral and to the extent Vision requests confidential consultation and advice. Berg's current counsel will remain available for such confidential consultation and

2336442 1

-3-

advice. Berg makes no representation or warranty as to the availability or willingness of experts to work with Vision One.

5.     Vision's and D & D's Insurers. Gemini agrees to pay Mullin Law Group, PLLC, in trust on behalf of Berg, Fifty Thousand Dollars ($50,000.00) on or before the 30th of September, 2008.). It is further agreed that Gemini and ICSOP will indemnify Vision and D&D from and against the obligations undertaken in paragraph 6 of this Agreement, excepting obligations to indemnify against subrogation claims including without limitation any subrogation claims by Philadelphia Insurance, up to their respective per occurrence and aggregate policy limits as provided by the terms of those policies.

6.     Vision's Indemnification. Subject to the limitations on any obligations by Gemini and ICSOP as provided in Paragraph 5 of this Agreement, Vision and D&D agree to fully indemnify, defend and hold Berg and Admiral harmless from and against any and all bodily injury or subrogation claims relating to or arising out of the October 1, 2005 collapse, including but not limited to those of Matthew Thompson, Susan Grand, Clifford Berry, Reginald Brown, Lonnie Delvecchio, Jack Keeler, the Department of Labor and Industries, and Philadelphia Insurance. For purposes of this Agreement, "bodily injury" includes all consequential damages and injuries that flow therefrom, including but not limited to emotional distress and post-traumatic stress disorder, as allowed by Washington law. This promise to indemnify, defend and hold Berg and Admiral harmless is an essential term of this Agreement. Berg agrees to fully cooperate in defense of these claims.

233644211                                          -4-

7.    Court Approval. This Agreement is contingent upon approval by the Pierce County Superior Court, after notice to Philadelphia, and on the condition that the Court, in its order of approval of this settlement as reasonable, precludes Philadelphia from claiming any benefit from this settlement, whether by reason of subrogation, offset, reduction or otherwise, Philadelphia having denied coverage in this matter, subject only to the following sentence. Court approval shall conclusively and forever prohibit any claim, via subrogation or otherwise, by Philadelphia against Berg with respect to anything related to this matter, provided that if the Court in the future determines that this settlement will result in an impermissible and/or unwarranted duplicative recovery and that Philadelphia is entitled to such subrogation or other claim notwithstanding its denial of coverage, Philadelphia's subrogation or other rights, if any, shall be limited to proceeds of this settlement. In the event that such approval is not obtained, this settlement shall be of no force and effect. Vision and D&D will promptly seek court approval.

8.    Allocation of Payment. (a) The parties agree that Vision may allocate the $1 million paid by Admiral at its discretion, provided, however, that Vision's allocation is without prejudice to Gemini's and/or ICSOP's right to seek reallocation and/or reimbursement following final resolution by settlement, judgment or otherwise of Vision's claims against Philadelphia and/or RSUI, and provided further that Vision agrees that Gemini and ICSOP reserve all rights with regard to claims against and all recoveries from Philadelphia and/or RSUI, including without limitation Gemini's and/or ICSOP's respective rights to pursue claims directly against Philadelphia and/or RSUI. Vision acknowledges Gemini's and ICSOP's reservation of rights but does not acknowledge that Gemini and ICSOP have such rights. (b) Vision One, Gemini and ICSOP further agree

2336442.1

-5-

06/12/2009 16:28 FAX  2064670873        MCNAUL EBEL, SEATTLE,WA                      ☑012/047

that if a dispute arises concerning the value of Vision One's property loss and construction

delay claim, whether Vision One has been or will be made whole by recoveries from third

parties, including other insurers, the manner in which recoveries are to be allocated, and/or

the parties' respective rights with regard to claims against and all recoveries from

Philadelphia and/or RSUI, Vision One, Gemini and ICSOP will first attempt to resolve

such dispute through mediation.  Should an adversarial procedure ensue, the parties agree

that the prevailing party or parties shall be entitled to the award of attorneys fees.

Arbitration under paragraph 14 shall be utilized for such adversarial procedure (referenced

in the proceeding sentence) only if Vision One, Gemini and ICSOP consent thereto in

writing.  It being understood and agreed that this subpart (8b) does not involve or apply to

Berg or Admiral.

     9.     Dismissal of Litigation.  Subject to Court approval per this Settlement

Agreement, within ten (10) days of execution of this Agreement, counsel for the parties

shall arrange for entry of a Stipulated Order of Dismissal with Prejudice of the parties'

respective claims against each other.  Berg's counsel shall take responsibility for

presentation of the Order of Dismissal and for withdrawal of the Creditor's claim Berg

filed against the Estate of Duane Walters in Pierce County Superior Court.

     10.     Warranty Against Assignment of Claim.  Other than additional

assignments as provided herein, the parties each warrant that he, she or it has not otherwise

assigned or transferred any claim or part or portion of a claim released by this Agreement.

Each party further warrants that if such an assignment or transfer has occurred, it will

indemnify and hold harmless any other party from and against any claim based upon or

arising out of any such other or additional assignment or transfer purported or claimed.

2336442.1

06/12/2009 FRI 16:21 [TX/RX NO 8817] ☑012

This obligation to indemnify and hold harmless shall include the obligation to pay reasonable attorney fees and costs actually incurred, whether or not litigation is commenced.

11.    Warranty of Authority. The person signing this Agreement on behalf of each party warrants that he or she has the authority to sign the Agreement and thereby to bind that party.

12.    Parties Bound. This Agreement shall be binding on the heirs, successors, and assigns of the parties. The Agreement shall not be binding on any party until executed by all parties.

13.    Complete Agreement. This Agreement contains the entire understanding by and among Vision, D&D, Berg, Admiral, Gemini and ICSOP in connection with the subject matter, and it supersedes and replaces all prior negotiations, agreements or representations, whether oral or written. Each party acknowledges that no other party, or any agent or attorney of any party, has made any promise, representation or warranty whatsoever, express or implied, not contained herein, concerning the subject matter of this Agreement, to induce it to execute this document, and each party acknowledges that it has not executed this document in reliance on any such promise, representation or warranty not contained herein.

14.    Disputes. Subject to the provisions of Paragraph 8(b) of this Agreement, any dispute or claim arising out of or relating to this Agreement or the breach thereof shall be submitted to arbitration, the arbitrator to be selected by mutual consent of the parties. The arbitrator shall determine the procedures and timing for handling any dispute or claim,

-7-

2336442.1

and his decision shall be final and binding on all parties. The arbitrator will also determine the prevailing party involved in any dispute or claim hereunder and that party is entitled to reasonable costs, expenses and attorney fees. The parties further agree to submit any determination or award rendered under this provision in Pierce County Superior Court, and all parties hereby agree to jurisdiction in that court. If it is necessary to file a Judgment or otherwise seek enforcement of a decision or award by the arbitrator, the party against whom the award is against will pay the other parties fees and costs.

15.     Choice of Law.  The interpretation and enforcement of this Agreement shall be governed by the law of the State of Washington.

16.     Construction of Agreement.  This Agreement has been jointly drafted by counsel for the parties following extensive negotiations and mediation between them.  It shall be construed according to the fair intent of the language as a whole, and not for or against either party.

17.     No Third Party Beneficiaries.  No provision, warranty, representation or agreement herein, whether express or implied, is intended or to be construed to confer upon any person not party to this Agreement any rights or remedies whatsoever, except as expressly provided in this Agreement.

18.     Execution in Counterparts.  This Agreement may be executed in counterparts, each of which shall constitute an original and all of which together shall be deemed a single document.

-8-

2316442.1

19.    Waiver. The waiver by one party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

20.    Agreement Entered Into Knowingly, With Advice of Counsel, and Without Duress. The parties represent, warrant and agree that, in executing this Agreement, they do so with full knowledge of any and all rights which they may have with respect to each other, and that they have received independent legal advice from their attorneys with regard to the facts involved and the controversies herein compromised and with regard to their rights and asserted rights arising out of such facts, and that they do so freely and not under any type of duress.

21.    Modifications Must Be In Writing. This Agreement may not be changed, modified, waived or amended, except by written instrument, signed by the duly authorized representatives of the parties thereto.

22.    Severability. If any portion or term of this Agreement is held invalid, void, illegal or unenforceable by a court of competent jurisdiction, the remainder of this Agreement shall remain fully in force and enforceable.

23.    Relationship Between Parties. This Agreement will not be construed in any way as establishing a partnership, joint venture or express or implied agency between any of the parties and nothing contained in this Agreement will confer on any of the parties the authority to bind any of the other parties in any manner whatsoever, except as is expressly set out herein, and no party will represent itself as being able to do so.

-9-

2336442 1

24.    Notices.  Any demand or notice which may be given pursuant to this agreement shall be in writing and delivered by overnight delivery as follows:

To Vision:

c/o Jerry B. Edmonds
Williams Kastner
601 Union Street, Suite 601
Seattle, WA 98101

To Berg:

c/o Mullin Law Group PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104

To Gemini:

c/o William Pelandini
Nicoll Black & Feig PLLC
816 Second Avenue, Suite 300
Seattle, WA 98104

To D&D:

c/o Law Office of D. Michael Shipley
14009 42nd Avenue E
Tacoma, WA 98446-1618

To Admiral:

Stacy Baratti
Admiral Insurance Company
1255 Caldwell Road
Cherry Hill, New Jersey 08034-3220

To ICSOP:

c/o William Pelandini
Nicoll Black & Feig PLLC
816 Second Avenue, Suite 300
Seattle, WA 98104

IN WITNESS WHEREOF, the undersigned, each of whom warrants that this Agreement was arrived at after negotiation and with advice of counsel, and that he or she is duly authorized to bind the party or parties on whose behalf he or she signs, cause this Agreement to be executed.

DATED this _____ day of August, 2008.

VISION ONE, LLC and VISION TACOMA,
INC.

By _____

D&D, INC.

By _____


ADMIRAL INSURANCE COMPANY

By _____

GEMINI INSURANCE COMPANY

By _____

2336442.1                                  -10-

06/12/2009 16:30 FAX  2064670873       MCNAUL EBEL, SEATTLE, WA                     ☑017/047

24.    Notices.  Any demand or notice which may be given pursuant to this

agreement shall be in writing and delivered by overnight delivery as follows:

To Vision:                                 To D&D:

c/o Jerry B. Edmonds                        c/o Law Office of D. Michael Shipley
Williams Kastner                            14009 42nd Avenue E
601 Union Street, Suite 601                 Tacoma, WA 98446-1618
Seattle, WA 98101

To Berg:                                   To Admiral:

c/o Mullin Law Group PLLC                   Stacy Baratti
315 Fifth Avenue South, Suite 1000          Admiral Insurance Company
Seattle, WA 98104                           1255 Caldwell Road
                                            Cherry Hill, New Jersey 08034-3220

To Gemini:                                 To ICSOP:

c/o William Pelandini                       c/o William Pelandini
Nicoll Black & Feig PLLC                    Nicoll Black & Feig PLLC
816 Second Avenue, Suite 300                816 Second Avenue, Suite 300
Seattle, WA 98104                           Seattle, WA 98104

IN WITNESS WHEREOF, the undersigned, each of whom warrants that this Agreement

was arrived at after negotiation and with advice of counsel, and that he or she is duly authorized

to bind the party or parties on whose behalf he or she signs, cause this Agreement to be executed.

DATED this _6th_ day of ~~August~~ Sept, 2008.

VISION ONE, LLC and VISION TACOMA,        ADMIRAL INSURANCE COMPANY
INC.

                                          By _Stacie Baratti_
By _____

D&D, INC.                                 GEMINI INSURANCE COMPANY

By _____               By _____

2004402.1                                 -10-

24.    Notices.  Any demand or notice which may be given pursuant to this

agreement shall be in writing and delivered by overnight delivery as follows:

To Vision:                          To D&D:

c/o Jerry B. Edmonds                c/o Law Office of D. Michael Shipley
Williams Kastner                    14009 42nd Avenue E
601 Union Street, Suite 601         Tacoma, WA 98446-1618
Seattle, WA 98101

To Berg:                            To Admiral:

c/o Mullin Law Group PLLC           Stacy Baratti
315 Fifth Avenue South, Suite 1000  Admiral Insurance Company
Seattle, WA  98104                  1255 Caldwell Road
                                    Cherry Hill, New Jersey 08034-3220

To Gemini:                          To ICSOP:

c/o William Pelandini               c/o William Pelandini
Nicoll Black & Felg PLLC            Nicoll Black & Felg PLLC
816 Second Avenue, Suite 300        816 Second Avenue, Suite 300
Seattle, WA 98104                   Seattle, WA 98104

IN WITNESS WHEREOF, the undersigned, each of whom warrants that this Agreement

was arrived at after negotiation and with advice of counsel, and that he or she is duly authorized

to bind the party or parties on whose behalf he or she signs, cause this Agreement to be executed.

DATED this _____ day of August, 2008.

VISION ONE, LLC and VISION TACOMA,        ADMIRAL INSURANCE COMPANY
INC.

                                          By _____
By.. . _____

D&D, INC.                                 GEMINI INSURANCE COMPANY

By _____           By _KW Krull_____

2336442.1                          -10-

to bind the party or parties on whose behalf he or she signs, cause this Agreement to be executed.

DATED this _____ day of August, 2008.

VISION ONE, LLC and VISION TACOMA, INC.                    ADMIRAL INSURANCE COMPANY

By _____                                                  By _____

D&D, INC.                                                 GEMINI INSURANCE COMPANY

By _____                                          By _____

SHERI PFOST, President D&D, Inc.
BERG EQUIPMENT & SCAFFOLDING                              INSURANCE COMPANY OF THE STATE
CO., INC.                                                 OF PENNSYLVANIA

By _____                                                  By _____

Approved as to form by counsel:

MULLIN LAW GROUP PLLC                                     LAW OFFICE OF D. MICHAEL SHIPLEY

By _____                                                  By _____

Counsel to Berg Equipment &                              D. MICHAEL SHIPLEY, Counsel to D & D,
Scaffolding, Inc.                                         Inc.

WILLIAMS, KASTNER & GIBBS, PLLC                           NICOLL BLACK & FEIG PLLC

By _____                                                  By _____

Counsel to Vision One, LLC, Vision                        Counsel to Gemini and Insurance
Tacoma, and D&D, Inc.                                     Company
                                                          of the State of Pennsylvania

-11-

2336442 1

06/12/2009 16:32 FAX 2063876813          MONROE EBEL, SEATTLE,WA          ☒020/047

BERG EQUIPMENT & SCAFFOLDING CO.,          INSURANCE COMPANY OF THE STATE
INC.                                        OF PENNSYLVANIA

By _~Edward Berg~ Ch of B_           By _____

Approved as to form by counsel:

MULLIN LAW GROUP PLLC                      LAW OFFICE OF D. MICHAEL SHIPLEY

By _~signature~_                      By _____

Counsel to Berg Equipment &                Counsel to D & D, Inc.
Scaffolding, Inc.

WILLIAMS, KASTNER & GIBBS, PLLC            NICOLL BLACK & FEIG PLLC

By _____        By _____

Counsel to Vision One, LLC, Vision         Counsel to Gemini and Insurance Company
Tacoma, and D&D, Inc.                       of the State of Pennsylvania.

-11-

2336442.1

06/12/2009 FRI 16:21 [TX/RX NO 8817] ☒020

BERG EQUIPMENT & SCAFFOLDING CO.,        INSURANCE COMPANY OF THE STATE
INC.                                     OF PENNSYLVANIA

By _____              By _Nicole W. Fox_____

Approved as to form by counsel:

MULLIN LAW GROUP PLLC                    LAW OFFICE OF D. MICHAEL SHIPLEY

By _____              By _____

   Counsel to Berg Equipment &              Counsel to D & D, Inc.
   Scaffolding, Inc.

WILLIAMS, KASTNER & GIBBS, PLLC          NICOLL BLACK & FEIG PLLC

By _____              By _____

   Counsel to Vision One, LLC, Vision       Counsel to Gemini and Insurance Company
   Tacoma, and D&D, Inc.                     of the State of Pennsylvania

-11-

2330442.1

BERG EQUIPMENT & SCAFFOLDING CO., INC.

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

By _____

By _____

Approved as to form by counsel:

MULLIN LAW GROUP PLLC

LAW OFFICE OF D. MICHAEL SHIPLEY

By _____

By _____

   Counsel to Berg Equipment & Scaffolding, Inc.

Counsel to D & D, Inc.

WILLIAMS, KASTNER & GIBBS, PLLC

NICOLL, BLACK & FEIG PLLC

By _____

By _____

   Counsel to Vision One, LLC, Vision Tacoma, and D&D, Inc.

   Counsel to Gemini and Insurance Company of the State of Pennsylvania

2336442.1

-11-

**Edmonds Declaration
   Page 29**

# EXHIBIT B

1

2

Honorable Kitty-Ann van Doorninck
Note for Hearing:  Friday, September 12, 2008, 2:30

3

4

RECEIVED

SEP 0 9 2008

5

6

McNaul Ebel Nawrot & Helgren
PLLC

7

8

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

9

VISION ONE, LLC,

10

Plaintiff,

11

v.

12

PHILADELPHIA INDEMNITY INSURANCE
COMPANY and D&D CONSTRUCTION, INC.,

13

Defendants.

14

D&D CONSTRUCTION, INC.,

15

Third-Party Plaintiff,

16

v.

17

BERG EQUIPMENT & SCAFFOLDING CO., INC.,

18

Third-Party Defendant.

19

MATTHEW THOMPSON,

20

Plaintiff,

21

v.

22

D & D, INC., a Washington Corporation; and BERG
EQUIPMENT & SCAFFOLDING CO., INC., a
Washington corporation; VISION ONE, L.L.C., a
Washington limited liability corporation; and
VISION TACOMA, INC., a Washington
corporation,

23

24

25

Defendants.

NO. 06-2-05810-6

NOTICE TO RSUI OF HEARING ON
APPROVAL AND
REASONABLENESS OF
SETTLEMENT

NOTICE TO RSUI OF HEARING ON APPROVAL AND
REASONABLENESS OF SETTLEMENT - 1

2336758.1

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

COPY

**Edmonds Declaration
Page 31**

| 1 | BERG EQUIPMENT & SCAFFOLDING CO., INC., |
| 2 | a Washington corporation, |
| 3 | Plaintiff, |
| 4 | v. |
| 5 | D & D, INC., a Washington Corporation; and BANK OF AMERICA, Account No. 21476509. |
| 6 | Defendants. |
| 7 | |

8    COME NOW Berg Equipment & Scaffolding, Inc., Vision One LLC and Vision Tacoma,

9  Inc., and hereby give notice to RSUI, by and through its counsel, Michael Helgren, of McNaul

10  Ebert et al.., that a hearing to determine the approval and reasonableness of the settlement

11  agreement embodied in Exhibit A hereto will be held on Friday, September 12, 2008 at 2:30

12  before the Honorable Kitty-Ann van Doorninck in the above-referenced Court

13    DATED this 9th day of September, 2008.

14

15    WILLIAMS KASTNER & GIBBS LLC

16

17

18    Jerry B. Edmonds, WSBA No. 05601

19

20

21

22

23

24

25

NOTICE TO RSUI OF HEARING ON APPROVAL AND
REASONABLENESS OF SETTLEMENT - 2

Williams, Kastner & Gibbs PLLC
Two Union Square, Suite 4100 (98101-2380)
Mail Address: P.O. Box 21926
Seattle, Washington 98111-3926
(206) 628-6600

2336758.1

## SETTLEMENT AGREEMENT

This Settlement Agreement is made as of this 4th day of September, 2008, by and between Vision One, LLC, Vision Tacoma, Inc. (herein together referred to as "Vision"), D&D, Inc. ("D&D"), Berg Equipment & Scaffolding Co., Inc. ("Berg"), and insurers Admiral Insurance Company ("Admiral"), Gemini Insurance Company ("Gemini") and Insurance Company of the State of Pennsylvania ("ICSOP"), with respect to the consolidated litigation relating to a concrete deck collapse on October 1, 2005, entitled <u>Vision One, LLC v. Philadelphia Indemnity Insurance Co., et al.</u>, currently pending in Pierce County Superior Court under Cause No. 06-2-05810-6 ("the Litigation").[1]

### RECITALS:

WHEREAS, the Litigation presents risk and expense to the parties to this Agreement, which risk and expense these parties wish to reduce and avoid; and

WHEREAS, with the assistance of a mediator, the parties hereto have arrived at an agreement to conclusively resolve and settle the claims by and between these settling parties;

WHEREAS, none of the parties admits any liability and agree that this Agreement does not constitute an admission of any kind;

NOW, THEREFORE, the parties hereby agree as follows:

---

[1] Pierce County Superior Court Cause Nos. 06-2-05810-6, 06-2-10938-0 and 06-2-11520-7 were consolidated by Order entered May 4, 2007 signed by the Honorable Linda CJ Lee.

2336442.1
2336442.1

-1-

## AGREEMENT

1.    Release. Vision, D&D and Berg hereby agree to mutually release each other from all claims between them with respect to the October 1, 2005 collapse that is the subject of the Litigation. This release is complete, total and global with respect to all claims, known and unknown, and has been arrived at by negotiation with the parties being represented by counsel. For each of these entities (Vision, D&D and Berg) this release includes agents, employees, independent contractors, counsel, directors, officers, owners and stockholders. Berg also releases any claims it may have against Sherry Pfost and/or the Estate of Duane Walters and Kamma Management Services LLC. Berg's release includes any claims with respect to the collapse that it might have against D&D's and Vision's insurers, Gemini and ICSOP. Vision's and D & D's release includes any claims it may have against Berg or Berg's primary liability insurer, Admiral. This release includes all claims for property damage, bodily injury, breach of contract, product liability, indemnity, contribution, subrogation, fees, costs, and business losses of any and every kind and nature, whether known or unknown, relating to or arising out of the October 1, 2005 collapse. The sole exception to the release in this paragraph is that the parties do not release each other from potential claims for failure to perform obligations arising out of this Settlement Agreement.

2.    No Benefit to Philadelphia. It is not the intention of any of the parties that the foregoing release or any other provisions of this Settlement Agreement in any way benefit Philadelphia Indemnity Insurance Company ("Philadelphia"), Vision's first party property insurer which has denied coverage and is the subject of the ongoing Litigation.

2336442.1
2336442.1

**Edmonds Declaration**
**Page 34**

3.    <u>Berg's Primary Insurer</u>.  Admiral agrees to pay to Williams, Kastner & Gibbs, PLLC, in trust on behalf of Vision, One Million Dollars ($1,000,000.00) on or before the 30th day of September, 2008.

4.    <u>Berg's Assignment Regarding Excess Insurance</u>.  Berg agrees to assign its rights against RSUI and to a stipulated judgment in the form attached as an exhibit to this Settlement Agreement in favor of Vision One in the net sum of an additional Two Million Three Hundred Thousand Dollars ($2,300,000.00), and Vision agrees and covenants not to execute against Berg for any of this stipulated judgment. Any recovery of such sums shall be solely from Berg's liability insurers, other than Admiral but including without limitation RSUI.  The risk of collecting (or not) from RSUI is a risk understood and assumed solely by Vision.  It is further understood and agreed that the stipulated judgment will not be filed unless absolutely necessary to pursue claims against RSUI under the assignment.  It is further understood and agreed that Berg will fully cooperate with Vision in pursuit of the RSUI claim, however, any and all fees and costs incurred after the date of this Settlement Agreement and associated with pursuing the stipulated judgment or the assignment against RSUI shall be the sole responsibility of Vision One.  In addition, Berg hereby assigns to Vision all rights to work product of its experts and all rights to their future services and cooperation at no cost to Vision except that Vision will pay for any future services it requests of such experts.  Berg assigns to Vision all rights to confidential consultation and advice during trial with its current counsel of record, provided Vision will pay for such future services at reasonable rates not to exceed those currently billed by counsel for Berg to Admiral and to the extent Vision requests confidential consultation and advice.  Berg's current counsel will remain available for such confidential consultation and

-3-

**Edmonds Declaration
Page 35**

advice. Berg makes no representation or warranty as to the availability or willingness of experts to work with Vision One.

5.     Vision's and D & D's Insurers.  Gemini agrees to pay Mullin Law Group, PLLC, in trust on behalf of Berg, Fifty Thousand Dollars ($50,000.00) on or before the 30th of September, 2008.).  It is further agreed that Gemini and ICSOP will indemnify Vision and D&D from and against the obligations undertaken in paragraph 6 of this Agreement, excepting obligations to indemnify against subrogation claims, including without limitation any subrogation claims by Philadelphia Insurance, up to their respective per occurrence and aggregate policy limits as provided by the terms of those policies.

6.     Vision's Indemnification.  Subject to the limitations on any obligations by Gemini and ICSOP as provided in Paragraph 5 of this Agreement, Vision and D&D agree to fully indemnify, defend and hold Berg and Admiral harmless from and against any and all bodily injury or subrogation claims relating to or arising out of the October 1, 2005 collapse, including but not limited to those of Matthew Thompson, Susan Grand, Clifford Berry, Reginald Brown, Lonnie Delvecchio, Jack Keeler, the Department of Labor and Industries, and Philadelphia Insurance.  For purposes of this Agreement, "bodily injury" includes all consequential damages and injuries that flow therefrom, including but not limited to, emotional distress and post-traumatic stress disorder, as allowed by Washington law. This promise to indemnify, defend and hold Berg and Admiral harmless is an essential term of this Agreement.  Berg agrees to fully cooperate in defense of these claims.

-4-

7.  <u>Court Approval</u>. This Agreement is contingent upon approval by the Pierce County Superior Court, after notice to Philadelphia, and on the condition that the Court, in its order of approval of this settlement as reasonable, precludes Philadelphia from claiming any benefit from this settlement, whether by reason of subrogation, offset, reduction or otherwise, Philadelphia having denied coverage in this matter, subject only to the following sentence.  Court approval shall conclusively and forever prohibit any claim, via subrogation or otherwise, by Philadelphia against Berg with respect to anything related to this matter, provided that if the Court in the future determines that this settlement will result in an impermissible and/or unwarranted duplicative recovery and that Philadelphia is entitled to such subrogation or other claim notwithstanding its denial of coverage, Philadelphia's subrogation or other rights, if any, shall be limited to proceeds of this settlement,   In the event that such approval is not obtained, this settlement shall be of no force and effect.  Vision and D&D will promptly seek court approval.

8.  <u>Allocation of Payment</u>. (a)  The parties agree that Vision may allocate the $1 million paid by Admiral at its discretion, provided, however, that Vision's allocation is without prejudice to Gemini's and/or ICSOP's right to seek reallocation and/or reimbursement following final resolution by settlement, judgment or otherwise of Vision's claims against Philadelphia and/or RSUI, and provided further that Vision agrees that Gemini and ICSOP reserve all rights with regard to claims against and all recoveries from Philadelphia and/or RSUI, including without limitation Gemini's and/or ICSOP's respective rights to pursue claims directly against Philadelphia and/or RSUI.  Vision acknowledges Gemini's and ICSOP's reservation of rights but does not acknowledge that Gemini and ICSOP have such rights. (b)  Vision One, Gemini and ICSOP further agree

-5-

**Edmonds Declaration
       Page 37**

that if a dispute arises concerning the value of Vision One's property loss and construction

delay claim, whether Vision One has been or will be made whole by recoveries from third

parties, including other insurers, the manner in which recoveries are to be allocated, and/or

the parties' respective rights with regard to claims against and all recoveries from

Philadelphia and/or RSUI, Vision One, Gemini and ICSOP will first attempt to resolve

such dispute through mediation.  Should an adversarial procedure ensue, the parties agree

that the prevailing party or parties shall be entitled to the award of attorneys fees.

Arbitration under paragraph 14 shall be utilized for such adversarial procedure (referenced

in the proceeding sentence) only if Vision One, Gemini and ICSOP consent thereto in

writing.  It being understood and agreed that this subpart (8b) does not involve or apply to

Berg or Admiral.

       9.    <u>Dismissal of Litigation</u>.  Subject to Court approval per this Settlement

Agreement, within ten (10) days of execution of this Agreement, counsel for the parties

shall arrange for entry of a Stipulated Order of Dismissal with Prejudice of the parties'

respective claims against each other.  Berg's counsel shall take responsibility for

presentation of the Order of Dismissal and for withdrawal of the Creditor's claim Berg

filed against the Estate of Duane Walters in Pierce County Superior Court.

       10.    <u>Warranty Against Assignment of Claim</u>.  Other than additional

assignments as provided herein, the parties each warrant that he, she or it has not otherwise

assigned or transferred any claim or part or portion of a claim released by this Agreement.

Each party further warrants that if such an assignment or transfer has occurred, it will

indemnify and hold harmless any other party from and against any claim based upon or

arising out of any such other or additional assignment or transfer purported or claimed.

-6-

2336442.1
2336442.1

This obligation to indemnify and hold harmless shall include the obligation to pay reasonable attorney fees and costs actually incurred, whether or not litigation is commenced.

11.     Warranty of Authority.  The person signing this Agreement on behalf of each party warrants that he or she has the authority to sign the Agreement and thereby to bind that party.

12.     Parties Bound.  This Agreement shall be binding on the heirs, successors, and assigns of the parties.  The Agreement shall not be binding on any party until executed by all parties.

13.     Complete Agreement.  This Agreement contains the entire understanding by and among Vision, D&D, Berg, Admiral, Gemini and ICSOP in connection with the subject matter, and it supersedes and replaces all prior negotiations, agreements or representations, whether oral or written.  Each party acknowledges that no other party, or any agent or attorney of any party, has made any promise, representation or warranty whatsoever, express or implied, not contained herein, concerning the subject matter of this Agreement, to induce it to execute this document, and each party acknowledges that it has not executed this document in reliance on any such promise, representation or warranty not contained herein.

14.     Disputes.  Subject to the provisions of Paragraph 8(b) of this Agreement, any dispute or claim arising out of or relating to this Agreement or the breach thereof shall be submitted to arbitration, the arbitrator to be selected by mutual consent of the parties. The arbitrator shall determine the procedures and timing for handling any dispute or claim,

-7-

2336442.1
2336442.1

**Edmonds Declaration**
**Page 39**

and his decision shall be final and binding on all parties.  The arbitrator will also determine the prevailing party involved in any dispute or claim hereunder and that party is entitled to reasonable costs, expenses and attorney fees.  The parties further agree to submit any determination or award rendered under this provision in Pierce County Superior Court, and all parties hereby agree to jurisdiction in that court.  If it is necessary to file a Judgment or otherwise seek enforcement of a decision or award by the arbitrator, the party against whom the award is against will pay the other parties fees and costs.

15.   Choice of Law.  The interpretation and enforcement of this Agreement shall be governed by the law of the State of Washington.

16.   Construction of Agreement.  This Agreement has been jointly drafted by counsel for the parties following extensive negotiations and mediation between them.  It shall be construed according to the fair intent of the language as a whole, and not for or against either party.

17.   No Third Party Beneficiaries.  No provision, warranty, representation or agreement herein, whether express or implied, is intended or to be construed to confer upon any person not party to this Agreement any rights or remedies whatsoever, except as expressly provided in this Agreement.

18.   Execution in Counterparts.  This Agreement may be executed in counterparts, each of which shall constitute an original and all of which together shall be deemed a single document.

-8-

2336442.1
2336442.1

19.     <u>Waiver</u>. The waiver by one party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

20.     <u>Agreement Entered Into Knowingly, With Advice of Counsel, and Without Duress</u>. The parties represent, warrant and agree that, in executing this Agreement, they do so with full knowledge of any and all rights which they may have with respect to each other, and that they have received independent legal advice from their attorneys with regard to the facts involved and the controversies herein compromised and with regard to their rights and asserted rights arising out of such facts, and that they do so freely and not under any type of duress.

21.     <u>Modifications Must Be In Writing</u>. This Agreement may not be changed, modified, waived or amended, except by written instrument, signed by the duly authorized representatives of the parties thereto.

22.  '   <u>Severability</u>. If any portion or term of this Agreement is held invalid, void, illegal or unenforceable by a court of competent jurisdiction, the remainder of this Agreement shall remain fully in force and enforceable.

23.     <u>Relationship Between Parties</u>. This Agreement will not be construed in any way as establishing a partnership, joint venture or express or implied agency between any of the parties and nothing contained in this Agreement will confer on any of the parties the authority to bind any of the other parties in any manner whatsoever, except as is expressly set out herein, and no party will represent itself as being able to do so.

2336442.1
2336442.1

**Edmonds Declaration
Page 41**

24.    Notices. Any demand or notice which may be given pursuant to this agreement shall be in writing and delivered by overnight delivery as follows:

To Vision:

c/o Jerry B. Edmonds
Williams Kastner
601 Union Street, Suite 601
Seattle, WA 98101

To Berg:

c/o Mullin Law Group PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104

To Gemini:

c/o William Pelandini
Nicoll Black & Feig PLLC
816 Second Avenue, Suite 300
Seattle, WA 98104

To D&D:

c/o Law Office of D. Michael Shipley
14009 42nd Avenue E
Tacoma, WA 98446-1618

To Admiral:

Stacy Baratti
Admiral Insurance Company
1255 Caldwell Road
Cherry Hill, New Jersey 08034-3220

To ICSOP:

c/o William Pelandini
Nicoll Black & Feig PLLC
816 Second Avenue, Suite 300
Seattle, WA 98104

IN WITNESS WHEREOF, the undersigned, each of whom warrants that this Agreement was arrived at after negotiation and with advice of counsel, and that he or she is duly authorized to bind the party or parties on whose behalf he or she signs, cause this Agreement to be executed.

DATED this _____ day of August, 2008.

VISION ONE, LLC and VISION TACOMA, INC.

By _____

D&D, INC.

By _____

ADMIRAL INSURANCE COMPANY

By _____

GEMINI INSURANCE COMPANY

By _____

-10-

2336442.1
2336442.1

BERG EQUIPMENT & SCAFFOLDING CO., INC.

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

By _____

By _____

Approved as to form by counsel:

MULLIN LAW GROUP PLLC

LAW OFFICE OF D. MICHAEL SHIPLEY

By _____

By _____

    Counsel to Berg Equipment & Scaffolding, Inc.

Counsel to D & D, Inc.

WILLIAMS, KASTNER & GIBBS, PLLC

NICOLL BLACK & FEIG PLLC

By _____

By _____

    Counsel to Vision One, LLC, Vision Tacoma, and D&D, Inc.

    Counsel to Gemini and Insurance Company of the State of Pennsylvania

-11-

2336442.1
2336442.1

**Edmonds Declaration**
**Page 43**

**Edmonds Declaration**
**Page 44**

# EXHIBIT C

Hon. Kitty-Ann van Doorninck

FILED
DEPT. 5
IN OPEN COURT

SEP 1 1 2008

~~ County Clerk
DEPUTY

1
2
3
4
5
6
7
8

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

9   VISION ONE, LLC,

10                          Plaintiff,

11        v.

12   PHILADELPHIA INDEMNITY
     INSURANCE COMPANY and D&D
13   CONSTRUCTION, INC.,

14                          Defendants.

15   D& D CONSTRUCTION, INC.,

16                    Third-Party Plaintiff,

17        v.

18   BERG EQUIPMENT & SCAFFOLDING
     CO., INC.,

19                    Third-Party Defendant.

20   MATTHEW THOMPSON,

21                          Plaintiff,

22        v.

23   D & D, INC., a Washington Corporation;
     and BERG EQUIPMENT &
24   SCAFFOLDINIG CO., INC., a Washington
     corporation; VISION ONE, L.L.C., a
25   Washington limited liability corporation;
     and VISION TACOMA, INC., a
26   Washington corporation,

                            Defendants.

No. 06-2-05810-6

[PROPOSED]

ORDER GRANTING RSUI'S
MOTION TO SHORTEN TIME RE
MOTION TO INTERVENE AND TO
CONTINUE REASONABLENESS
HEARING

ORDER GRANTING MOTION TO SHORTEN TIME – Page 1

ORIGINAL

Edmonds Declaration
Page 45

1  Pending before the Court is RSUI's Motion to Short Time for consideration of

2  RSUI's Motion to Intervene and to Continue Reasonableness Hearing.  RSUI requests that

3  its Motion to Intervene and to Continue Reasonableness Hearing be considered for

4  September 11, 2008.

5      The Court has reviewed RSUI's motion, and any response thereto.  The Court has

6  also reviewed the records and files herein and has heard argument from counsel.  Being

7  informed in this matter, the Court HEREBY ORDERS that RSUI's Motion to Shorten

8  Time for consideration of RSUI'S Motion to Intervene and to Continue Reasonableness

9  Hearing is GRANTED. *and RSUI will be allowed to argue*

10     IT IS SO ORDERED. *its Motion to Intervene and to Continue*

11     Dated this ___11___ day of September, 2008 *Reasonableness Hearing on Friday, September 12, 2008 at 2:30 pm*

12

13     *Vicki L Hogan*

14                    The Honorable Kitty-Ann van Doorninck

*Acting PJ*

15  Presented by:

*for Dept 20.*

16  McNAUL EBEL NAWROT & HELGREN PLLC

17  By: _____

18       Michael D. Helgren, WSBA No. 12186
        David R. East, WSBA No. 31481

19  Attorneys for RSUI

20

21  *[signature]*

22  WSBA 26196

23  Atty for Vision One LLC

24

25  *Celeste M [signature]*

26  WSBA #35843
    Attorney for Philadelphia

*[signature] WSBA #6803
[stamp] FILED
IN OPEN COURT
SEP 11 2008
Pierce County Clerk
By ___ DEPUTY*

ORDER GRANTING MOTION TO SHORTEN TIME – Page 2

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1881-010 ul102102 9/10/08

**Edmonds Declaration
Page 46**

# EXHIBIT D

Honorable Kitty-Ann van Doorninck

1

2

3

4

5

6    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

7    IN AND FOR THE COUNTY OF PIERCE

8

9  VISION ONE, LLC.

10             Plaintiff      NO.  06-2-05810-6

11     v.                    DECLARATION OF PETER T.

12  PHILADELPHIA INDEMNITY    PETRICH SUPPORTING THE
    INSURANCE COMPANY and D&D   REASONABLENESS OF THE

13  CONSTRUCTION, INC,        SETTLEMENT AGREEMENT

14            Defendants,

15  D&D CONSTRUCTION, INC.

16        Third-Party Plaintiff

17

18     v.

19  BERG EQUIPMENT & SCAFFOLDING
    CO. INC.

20

21       Third-Party Defendant,

22

23

24  DECLARATION OF PETER T. PETRICH
    SUPPORTING THE REASONABLENESS OF THE

25  SETTLEMENT AGREEMENT

26  Page 1 of 4
    jc / s:\0xxxx\012xx\012170S\plead\revised settlement 9-11-08.doc

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

**Edmonds Declaration**
**Page 48**

**RSUI 000865**

| | |
|---|---|
| 1 | MATTHEW THOMPSON, |
| 2 | Plaintiff, |
| 3 | |
| 4 | v . |
| 5 | D&D INC. a Washington Corporation and BERG EQUIPMENT & SCAFFOLDING |
| 6 | CO. INC. a Washington Corporation, VISION ONE, LLC., a Washington |
| 7 | Corporation, and VISION TACOMA, |
| 8 | INC., a Washington Corporation, |
| 9 | Defendants. |
| 10 | |

11    I declare under penalty of perjury under the laws of the State of Washington, that

12    1.    I am the corporate counsel for Berg Equipment and Scaffolding Company,

13    Inc. (Berg).

14    2.    Although I have not filed a Notice of Appearance in the present litigation,

15    I have been involved in numerous conversations with Dan Mullin and other attorneys in

16    his office.  I participated in the mediation that occurred on or about February, 2008.  I

17    have been copied on numerous e-mails detailing various factual and legal issues relevant

18    to the litigation and I have been actively involved in the settlement negotiations that have

19    resulted in the subject Settlement Agreement.  In addition, I represented Berg in the

20    administrative hearing wherein Berg successfully challenged the Department of Labor

21    and Industry's violation citations.

22    3.    I am thoroughly advised of the relevant facts and legal issues pertinent to

23    Berg's defense and counter claim in this litigation.

24    DECLARATION OF PETER T. PETRICH
      SUPPORTING THE REASONABLENESS OF THE

25    SETTLEMENT AGREEMENT

26    Page 2 of 4
      jc / s:\0xxxx\012xx\01217\S\plead\revised settlement 9-11-08.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT – P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

RSUI 000866

**Edmonds Declaration
Page 49**

1      4.      The subject settlement agreement is the product of 61.50 hours of my time

2   alone.  I am confident that Dan Mullin has expended considerable more hours on the

3   settlement negotiations that have been adversarial and conducted at arms length.  At no

4   time has there been any collusion between Berg and Vision One regarding any aspect of

5   this case, much less the settlement negotiations.

6      5.      Throughout this litigation Berg's primary concern has been to eliminate

7   any exposure to the company above its insurance policy's limits of one million dollars.

8   Toward this end, Mr. Mullin and I have thoroughly discussed and analyzed Vision One's

9   claims, D&D claims and the potential personal injury claims.  As part of this analysis we

10  considered the fact that RSUI, Berg's excess carrier, had denied coverage in April 2007.

11  Of course, we have also thoroughly weighed the merits of Berg's defense.   After an

12  exhaustive analysis I believe the settlement is fair and reasonable.

13     6.      Vision One's total claims amount to approximately $5.5 million dollars.

14  Although I believe that Berg's defense to these claims is solid, even if Berg were found to

15  be 25% - 33% at fault, the company's excess exposure would bankrupt the company

16  unless there was a successful bad faith claim against RSUI.

17     7.      The potential outstanding bodily injury claims were a substantial concern

18  in evaluating the settlement terms.  The amount of these potential claims are almost

19  impossible to calculate with any degree of objectivity because the number of claimants is

20  not known.  However, those that have joined in the litigation to date have aggregate

21  claims of nearly $5 million.  The statute of limitations expires on October 1, 2008, so

22

23

24  DECLARATION OF PETER T. PETRICH
    SUPPORTING THE REASONABLENESS OF THE

25  SETTLEMENT AGREEMENT

26  Page 3 of 4
    jc / s:\0xxxx\012xx\012175\plead\revised settlement 9-11-08.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

RSUI 000867

1   additional suits could be filed.  Again, as with the construction damage claims, even if

2   Berg was found to be 25% - 33% at fault, the Company's exposure exceeds its net assets.

3       8.   Berg's potential exposure could be well over $3.5 million.

4       9.   Consequently the settlement is entirely reasonable when Vision One

5   agrees to accept Admiral's policy limits of One Million dollars and a judgment against

6   Berg for $2.3 million in consideration of a complete release and indemnification of any

7   and all claims, together with an assignment of Berg's rights against RSUI and an

8   agreement not to execute against Berg on the judgment.

9       10.   By accepting Berg's assignment of its bad faith claim against RSUI,

10  Vision One is relieving Berg of the additional expense of that litigation as well as the

11  possibility of an adverse verdict.

12      11.   The protracted negotiations and compromise demonstrate that the parties

13  did not collude to defraud any insurer.

14      12.   Berg requests that the court makes a finding that the proposed settlement

15  agreement is reasonable.

16  DATED: _September 11, 2008_

17

18  PETER T. PETRICH

19

20

21

22

23

24  DECLARATION OF PETER T. PETRICH
    SUPPORTING THE REASONABLENESS OF THE

25  SETTLEMENT AGREEMENT

26  Page 4 of 4
    jc/ s:\0xxxx\012xx\01217\5\plead\revised settlement 9-11-08.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

RSUI 000868

**Edmonds Declaration
Page 51**

# EXHIBIT 22

# EXHIBIT E

JUDGE KITTY-ANN VAN DOORNINCK

1

2

3

4

5

6

7 IN THE SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

8 VISION ONE, LLC,

9                    Plaintiff,

10       v.

11 PHILADELPHIA INDEMNITY INSURANCE
COMPANY and D&D CONSTRUCTION,
12 INC.

13                Defendants.

14 D&D CONSTRUCTION, INC.

15              Third-Party Plaintiff,

16       v.

17 BERG EQUIPMENT & SCAFFOLDING CO.,
INC.

18             Third-Party Defendant.

19 MATTHEW THOMPSON,

20                Plaintiff,

21       v.

22 D & D, INC., a Washington Corporation; and
BERG EQUIPMENT & SCAFFOLDING CO.,
23 INC., a Washington corporation, VISION ONE,
L.L.C., a Washington Corporation; and VISION
24 TACOMA, INC., a Washington Corporation,

25              Defendants.

26 DECLARATION OF DANIEL F. MULLIN IN
OPPOSITION TO A CONTINUANCE FOR RSUI - 1

NO.  06-2-05810-6

DECLARATION OF DANIEL F.
MULLIN IN OPPOSITION TO A
CONTINUANCE FOR RSUI

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104
Phone:  (206) 957-7007
Fax:  (206) 957-7008

MULLIN  0035

1

2  BERG EQUIPMENT & SCAFFOLDING CO.,
   INC., a Washington corporation,

3                              Plaintiff,

4        v.

5  D & D, INC., a Washington Corporation; and
   BANK OF AMERICA, Account No. 21476509

6                              Defendants.

7

8        I, Daniel F. Mullin, declare and state as follows:

9        1.      I am one of the attorneys for defendant Berg Equipment & Scaffolding Co., Inc. I

10  have firsthand knowledge of the facts and information contained in this Declaration, and I am

11  competent to testify to the matters set forth herein.

12       2.      I have represented Berg since the outset of this litigation. Early on in the

13  proceedings we were made aware of an excess carrier for Berg, RSUI. We communicated with

14  RSUI and shared confidential reports and information with them on a regular basis.

15       3.      When the various cases arising from the collapse were being considered for

16  consolidation, we would not move forward on consolidation until we had received word and

17  approval from RSUI. The claims representative we were in contact with was Don Frye.

18       4.      In January of 2008, after significant discovery and motion practice, the parties

19  agreed to mediation before Dale Kingman. RSUI was apprised of this mediation.

20

21       5.      In January we were contacted by attorney Mike Helgren of McNaul Ebel Nawrot

22  & Helgren advising us that he was representing RSUI in this matter.

23       6.      Mr. Helgren wrote to us on January 16, 2008 asking for documentation. Attached

24  hereto as Exhibit A is a true and correct copy of Mr. Helgren's letter.

25

26

DECLARATION OF DANIEL F. MULLIN IN
OPPOSITION TO A CONTINUANCE FOR RSUI - 2

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104
Phone: (206) 957-7007
Fax: (206) 957-7008

MULLIN 0036

7.    I wrote to Mr. Helgren on January 20, 2008 advising that I was surprised by his request as we had been supplying RSUI information throughout the course of this litigation. Nevertheless, we advised Mr. Helgren that we would make our complete file available for his review. Attached hereto as Exhibit B is a true and correct copy of that letter.

8.    RSUI was fully apprised of the mediation and had received our mediation materials, including Berg's confidential statement to Mr. Kingman. Attached hereto as Exhibit C is a true and correct copy of the February 5, 2008 enclosure letter addressed to Mr. Frye.

9.    The mediation went forward over a two day period on February 6 and 7, 2008. Mr. Helgren was present during the entire mediation. At no time are we aware that RSUI provided any authority to or assistance with settling the claims. The mediation was unsuccessful.

10.    Subsequently we received a demand from Vision One, and this was forwarded to Mr. Frye at RSUI. Attached hereto as Exhibit D is a true and correct copy of the email correspondence attaching Vision One's demand. It is our understanding RSUI denied coverage. Following that date I am not aware of any request by RSUI for any information, and they did not provide any assistance or input as the case moved toward trial.

I declare under penalty of perjury pursuant to the laws of the state of Washington the foregoing is true and correct to the best of my information and belief.

SIGNED at Seattle, Washington this 11th day of September, 2008

Daniel F. Mullin

DECLARATION OF DANIEL F. MULLIN IN
OPPOSITION TO A CONTINUANCE FOR RSUI - 3

MULLIN LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104
Phone: (206) 957-7007
Fax: (206) 957-7008

MULLIN  0037

# EXHIBIT A

**Edmonds Declaration**
     **Page 57**

582 9/12/2008 1180054

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN
A PROFESSIONAL LIMITED LIABILITY COMPANY

600 UNIVERSITY STREET, SUITE 2700
SEATTLE, WASHINGTON 98101-3143
(206) 467-1816

MULLIN LAW GROUP

JAN 17 2008

RECEIVED

MICHAEL D. HELGREN

E-MAIL: MHELGREN@MCNAUL.COM
FACSIMILE: (206) 624-9121

January 16, 2008

Mr. Peter T. Petrich
Davies Pearson
920 Fawcett
P. O. Box 1657
Tacoma, WA 98401

Mr. Daniel F. Mullin
Mullin Law Group
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104

Re:     RSUI Claim No. 7030010394
        Berg Equipment & Supply Co.
        Policy No. NHA2004425

Dear Messrs. Petrich and Mullin:

RSUI would appreciate it if you would forward to me all defense counsel's status reports, all correspondence between the parties, and all interrogatory responses.

Best regards,

Michael D. Helgren

MDH:mlp

1881-010 ua142103 1/16/08

**Edmonds Declaration
Page 58**

592 9/12/2008 1100055

# EXHIBIT B

**Edmonds Declaration**
**Page 59**

S02 9/12/2008 1108056



DANIEL F. MULLIN
danielm@mullinlawgroup.com

January 20, 2008

**_Via Fax and US Mail_**

Michael Helgren
McNaul Ebel Nawrot & Helgren
600 University Street, Suite 2700
Seattle, WA 98101

Re:   **_Vision One v. Philadelphia Indemnity Insurance Co., et al_**

Dear Mr. Helgren:

We received your letter of January 16, 2008 asking for materials relating to the claims against Berg. Your letter did not specifically state that you have been retained to represent RSUI in this matter. However, we would like to emphasize that we have provided all reports to RSUI for over a year now. RSUI has been kept apprised of all developments and has even been involved in key decisions such as consolidation of these cases. We are coming up on mediation and the discovery cutoff, so we are very busy defending Berg. We are confident that RSUI would have evaluated this case by now. Nevertheless, we are certainly willing to cooperate. We just don't understand why it is needed when they have already been provided this information, and they have been invited to contact us at any time. It is also difficult to understand why this request is coming so late.

The best way to approach review of the file would be to have you come down and review the materials. There are literally boxes and boxes of documents so it is not practical for us to send them to you, nor do we have the time to do so. If there are certain things you want to copy, you can flag them and have them copied at your expense. We can make available interrogatories, requests for production, depositions and other such materials for our evaluation. In any event, a mediation is scheduled for February 6 and 7, and Berg is relying on RSUI to act in good faith and fully participate in that mediation.

Very truly yours,

MULLIN LAW GROUP PLLC

Daniel F. Mullin

cc:   Peter Petrich
Randy Berg
Stacie Baratti (Claim No. C114571)

315 Fifth Avenue South • Suite 1000 • Seattle, Washington 98104
T: 206-957-7007  F: 206-957-7008 • www.mullinlawgroup.com

**Edmonds Declaration
Page 60**

582 9/12/2008 11:00:57

```
┌─────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT    │
└─────────────────────────────────────┘

                          TIME   : 01/20/2008 08:39
                          NAME   :
                          FAX    :
                          TEL    :
                          SER. # : BROJ5J348637

┌──────────────────────────────────────────────────────────────┐
│   DATE,TIME          01/20  08:39                              │
│   FAX NO./NAME       6245128                                   │
│   DURATION           00:00:20                                  │
│   PAGE(S)            02                                        │
│   RESULT             OK                                        │
│   MODE               STANDARD                                  │
│                      ECM                                       │
└──────────────────────────────────────────────────────────────┘
```



# Mullin Law Group PLLC

## FAX TRANSMISSION COVER SHEET

### January 20, 2008

**TO:**   Michael Helgren             **Fax:**     (206) 624-5128
          McNaul Ebel Nawrot & Helgren  **Phone:**   (206) 467-1816

**FROM:**   Daniel F. Mullin

**RE:**   Vision One v. Philadelphia Indemnity, et al

**NO. OF PAGES:**   _2_   [including this page]

**ATTACHMENT:**   Letter re File Review

**ORIGINALS TO FOLLOW:**   ____ Yes   _x_ No

                ( x ) Via U.S. Mail
                (   ) Via Federal Express
                (   ) Via Messenger

502 9/12/2008 1100050

# EXHIBIT C

**Edmonds Declaration**
**Page 62**

502 9/12/2008 1100059

# Mullin
# LawGroup
PLLC

CATHY PETTERSEN
cpettersen@mullinlawgroup.com

February 5, 2008

Stacie Baratti
Admiral Insurance Company
1255 Caldwell Road
P.O. Box 5725
Cherry Hill, NJ  08034-3220

Randy Berg
Berg Equipment & Scaffolding Co., Inc.
2130 East "D" Street
Tacoma, WA  98421

Don Frye
RSUI Group, Inc.
945 East Paces Ferry Road, Suite 1800
Atlanta, GA  30326-1125

| | |
|---|---|
| Re: | *Vision One v. Berg Equipment & Scaffolding* |
| Claimant: | *D&D, Inc. and Philadelphia Indemnity* |
| Insured: | *Berg Equipment & Scaffolding, Inc.* |
| Date of Loss: | *10/01/05* |
| Claim Number: | *C114571* |

Greetings:

Enclosed please find a copy of the following documents:

(1) Berg's mediation submission to Dale Kingman and attachments thereto;
(2) Berg's confidential statement to Mr. Kingman;
(3) Vision One's mediation submission regarding damages; and
(4) Vision One's mediation submission regarding coverage.

Please contact us with any questions you may have regarding the enclosed.

Very truly yours,

MULLIN LAW GROUP PLLC

*Cathy Pettersen*
Cathy Pettersen
Paralegal

Enclosures
cc:     Peter Petrich, Esq.

**Edmonds Declaration**
**Page 63**

# EXHIBIT D

## Dan Mullin

| | |
|---|---|
| **From:** | Dan Mullin [dmullin@mullinlawgroup.com] |
| **Sent:** | Tuesday, February 19, 2008 10:02 AM |
| **To:** | 'SBaratti@admiralins.com'; 'randyberg' |
| **Cc:** | 'ppetrich@dpearson.com'; 'MKehoe@admiralins.com'; 'dperklaw@seanet.com'; 'DFrye@rsui.com'; 'ewinskill@dpearson.com'; 'jtalbot@mullinlawgroup.com'; 'tduany@mullinlawgroup.com' |

**Subject:** Vision One

Attached is Vision One's settlement demand. Please review asap and let me know how you would like to respond.

Dan Mullin
*Mullin Law Group, PLLC*
315 Fifth Ave. South, Suite 1000
Seattle, Washington 98104
*Admitted in Washington, Oregon, California and Alaska*

Phone: 206-957-7007
Fax:   206-957-7008
Email: DMullin@MullinLawGroup.com

2/19/2008

**Edmonds Declaration**
**Page 65**

582 9/12/2008 1180062

**WILLIAMS KASTNER™**

February 19, 2008

34160.129

Berg Scaffolding
c/o Peter T. Petrich at Davies Pearson P.C.
c/o Daniel Mullin at Mullin Law Group
c/o Dale Kingman, Mediator

Re:   <u>Vision One v. Philadelphia Indemnity Insurance Co., et al.</u> – October 1 Collapse Litigation

Gentlemen:

Vision One, Vision Tacoma and D&D offer to settle on the following terms:

1.   A stipulated judgment against Berg Scaffolding in the amount of $2,500,000;
2.   $1,000,000 of that judgment will be paid immediately by Admiral Insurance to our clients;
3.   $500,000 will be paid by the Berg Scaffolding company from its business assets;
4.   The remainder of $1,000,000 would be payable only by RSUI with a covenant not to execute on any other assets of Berg, other than its RSUI policy.
5.   In return, our clients liability insurers, Gemini and AIG, would be fully responsible for all bodily injury claims relating to the October 1 event.
6.   Appropriate confidentiality clauses and all expert witness work product would be assigned to our clients.
7.   All claims by Berg and its agents, etc., against Vision One, Vision Tacoma and/or D&D would be dismissed with prejudice.

Very truly yours,

Jerry B. Edmonds
Attorney at Law
(206) 628-6639
jedmonds@williamskastner.com

JBE:bsj

cc:   Gemini, AIG
       Roger Hebert
       Henry Hebert
       Randy J. Aliment, Esq.
       Douglas A. Hofmann, Esq.

Williams, Kastner & Gibbs PLLC
Two Union Square
601 Union Street, Suite 4100
Seattle, Washington 98101
main 206.628.6600   fax 206.628.6611
www.williamskastner.com
SEATTLE . TACOMA . PORTLAND

*Practicing law with greater resolve*™
21R2994.1

**Edmonds Declaration**
      **Page 66**

S02 9/12/2008 1108063

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

VISION ONE LLC

                                        NO.    06-2-05810-6

                    PLAINTIFF/PETITIONER,      DECLARATION OF
VS.                                            FAXED DOCUMENTS
                                               (DCLR)

PHILADELPHIA INDEMNITY INSURANCE
COMPANY ET AL

                    DEFENDANT/RESPONDENT,

_____

Pursuant to the provisions of GR 17, I declare as follows:

1.  I am the party who received the foregoing facsimile transmission for filing.
2.  My address is: 943 Tacoma Ave. So.
3.  My phone number is 253-383-1791
4.  The facsimile number where I received the document is 253-272-9359
5.  I have examined the foregoing document, determined that it consists of _14_
    Pages, including this Declaration page.

I certify under the penalty of perjury under the laws of the State of Washington
that the above is true and correct.


Dated:   9/11/08
At Tacoma, Washington.

                    Signature: _Lana Shelt_

                    Print Name: Lana Sheldon

**Edmonds Declaration**
      **Page 67**