UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RSUI INDEMNITY COMPANY, INC.,

Plaintiff,

v.

VISION ONE, LLC, *et al.*,

Defendants.

Case No. C08-1386RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT REGARDING COUNTERCLAIMS

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff RSUI Indemnity Company, Inc. ("RSUI") for partial summary judgment regarding defendants' counterclaims for bad faith, violation of Washington's Consumer Protection Act ("CPA"), and violation of Washington's Insurance Fair Conduct Act ("IFCA"). RSUI provided commercial excess liability insurance to defendant Berg. RSUI contends that the IFCA is inapplicable and that its actions were reasonable. For the reasons set forth below, the Court grants in part and denies in part plaintiff's motion.

## II. ANALYSIS

The facts underlying this matter are set forth in the Court's order regarding the

cross motions for summary judgment on the existence of coverage and will not be repeated here.

**A.    Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id. at 1221.

**B.    Plaintiff's Request to Strike Thorne Declaration.**

In its reply memorandum, RSUI moved to strike portions of the declaration of defendants' expert, J. Kay Thorne, as inadmissable and inappropriate expert opinion. RSUI objects to Thorne's opinion regarding the mediation conducted in the state court litigation: "I believe that RSUI, in a separate and additional act of bad faith, sent its

counsel to the mediation solely to glean new and additional information to support denial of coverage." Thorne Opposition Decl. at ¶ 9. When counsel asked Thorne about the basis for his opinion during his deposition, Thorne responded, "Because if they have no coverage, if they denied coverage then why the hell are they there?" Id. Thorne, however, lacks a foundation to opine about RSUI's motives. His speculative opinion about those motives is inadmissible. Nor will the Court consider Thorne's conclusions about the interpretation of the policy provisions, which is an issue of law for the Court. See, e.g., McHugh v. United Serv. Auto. Ass'n, 164 F.3d 451 (9th Cir. 1999) (citing cases); Thorne Opposition Decl. at ¶ 7 (opining that RSUI's characterization of the policy language was "overly expansive" and a "mischaracterization" of policy language). That opinion is also not helpful to the Court, which can decide for itself if RSUI properly characterized the relevant policy language. Similarly, RSUI contends, and the Court agrees, that Thorne's legal conclusions are inadmissible, including his conclusion that RSUI acted "in bad faith" and violated WAC 284-30-330(11).

However, Thorne can opine, as RSUI's expert Windt did, about the reasonableness of RSUI's actions in terms of whether it complied with or deviated from industry standards. Experts may opine about the "ultimate issue" in a case as long as they do not make a legal conclusion. See, e.g., Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002); Fed. R. Evid. 704(a). The experts' opinions about conformance to industry standards may encompass the ultimate issue but do not state a legal conclusion. Furthermore, the experts' opinions, based on their wealth of experience, is helpful to the Court on that issue because the reasonableness of an insurer's conduct is based on industry-specific issues. Accordingly, the Court considered the experts' opinions regarding the reasonableness of RSUI's conduct.

C. **Insurance Fair Conduct Act.**

Berg contends that RSUI's conduct violated the IFCA, which allows certain insured parties to obtain treble damages and attorney's fees when an insurer unreasonably denies a claim. RCW 40.30.015. The IFCA became effective on December 6, 2007. The presumption of prospective application controls because the Washington Legislature did not express an intent for the statute to apply retroactively, the statute was written in present and future tenses, and it is not remedial in nature. HHS Enterprises, LLC v. AMCO Ins. Co., Case No. 06-1485JPD (W.D. Wash. 2008). Other federal courts in this state have uniformly held that the statute is not retroactive, which defendants concede.[1] See, e.g., Malbco Holdings v. Amco Ins. Co., 546 F. Supp. 2d 1130 (E.D. Wash. 2008); Scanlon Life Ins. Co. of N. Am., Case No. C08-256JCC (W.D. Wash. 2008). Despite those holdings, defendants contend that the statute applies in this case because RSUI denied coverage after December 6, 2007, and because RSUI engaged in bad faith conduct after that date. As for the latter argument, the operative date for determining whether the IFCA applies is the date that a claim for coverage is denied. See, e.g., Pacific Coast Container, Inc. v. Royal Surplus Lines Ins. Co., 8-278MJP (W.D. Wash. 2008); Scanlon, C08-256JCC at pp. 12-13. Therefore, defendants may pursue an IFCA claim only if the denial occurred after December 6, 2007.

Ordinarily, the date of the denial of coverage is undisputed, but in this case, it is hotly contested. RSUI contends that it denied coverage on April 18, 2007, while

---

[1] Because the Washington Supreme Court has not yet decided whether the IFCA applies retroactively, this Court, exercising diversity jurisdiction, must predict how the Washington Supreme Court would decide the issue. Burlington Ins. Co. v. Oceanic Design & Constr., Inc., 383 F.3d 940, 944 (9th Cir. 2004).

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR SUMMARY
JUDGMENT REGARDING COUNTERCLAIMS - 4

defendants argue that the denial occurred in 2008. RSUI claims that it denied coverage in an April 18, 2007 e-mail, even though that document does not use the words "deny" or "denial." Rather, RSUI noted that it had not received the information it requested from Berg and stated, "Based on our present information, it appears that these exclusions do apply. . . . Unless we hear otherwise, we assume that you do not desire to pursue this matter any further." Thorne Opposition Decl., Ex. C. Although the e-mail is not clearly a denial, it could be interpreted as such. Moreover, subsequent facts support RSUI's position. In particular, Berg and its representatives have repeatedly stated that RSUI denied coverage in April 2007. East Coverage Decl., Ex. W (Berg's counsel declared under penalty of perjury that RSUI denied coverage in April 2007); East Bad Faith Decl., Ex. 11 (Berg, testifying as the company's Rule 30(b)(6) witness, stated that he accepted his counsel's representation about when coverage was denied and would defer to counsel's judgment on that fact); Dkt. # 25 at ¶ 7 (defendant's counsel stated in a declaration that RSUI denied coverage in April 2007); Dkt. #32 at ¶ 7 (same); Supplemental East Decl., Ex. 18 (Vision One stating, in a memorandum to the Washington State Court of Appeals, that RSUI "denied coverage" in April 2007); Dkt. #31 at pp. 4-5 (defendants arguing before this Court that "RSUI denied coverage in April 2007"). The repeated statements of defendants and their counsel are admissions that RSUI denied coverage in April 2007. Moreover, defendants used that assertion in the underlying state court litigation to support their argument that the settlement was reasonable. Having relied on that fact to obtain a reasonableness determination in state court, defendants are now judicially estopped from taking a contrary position. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). Accordingly, the Court finds that RSUI denied coverage in April 2007. Because the denial of coverage occurred

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR SUMMARY
JUDGMENT REGARDING COUNTERCLAIMS - 5

before the effective date of the IFCA, defendants' IFCA claim is untenable and summary judgment is granted as to that claim.

**D.     Bad Faith.**

Defendants allege that RSUI engaged in bad faith in two ways: (1) by making an unreasonable coverage determination, and (2) by failing to investigate in good faith.  Bad faith constitutes a *per se* violation of the CPA, so the Court will not separately analyze the CPA claim.  See, e.g., Ledcor Indus. v. Mutual of Enumclaw Ins. Co., 150 Wn. App. 1, 12 (2009).  To prevail on a bad faith claim, the insured must show that the insurer's breach of the contract was "unreasonable, frivolous, or unfounded."  See, e.g., Smith v. Safeco Ins. Co., 150 Wn.2d 478, 484 (2003) (citation and quotation omitted).  As the *Smith* court explained, an insurer is entitled to summary judgment "if there are no disputed material facts pertaining to the reasonableness of the insurer's conduct under the circumstances, or the insurance company is entitled to prevail as a matter of law on the facts construed most favorably to the nonmoving party."  Id.

The fact that the Court has found that RSUI's denial of coverage was incorrect does not automatically lead to a finding of bad faith.  Rather, the Court must determine whether RSUI's denial of coverage was based on a reasonable interpretation of the policy.  See, e.g., Transcontinental Ins. Co. v. Washington Pub. Util. District's Util. Sys., 111 Wn.2d 452, 470 (1988).  The Court finds that RSUI's interpretation of its policy was reasonable because Berg performed "work" and "operations" related to the project, even though the Court found that it did not work "on" the project.  Interpreting the provision to include work related to the project is a reasonable interpretation of the provision because the word "on" can have multiple meanings, particularly in relation to work.  That view is consistent with the opinion of RSUI's expert Allan Windt.  Windt Report (Dkt. #43-10) at

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR SUMMARY
JUDGMENT REGARDING COUNTERCLAIMS - 6

¶¶ 6-13.  Furthermore, at the time RSUI made its coverage determination, Berg had represented that it worked only on a residential condominium project.  The first time that Berg informed RSUI that the project was planned as a mixed-use community was in January 2008, after RSUI had already denied coverage.  Thorne Opposition Decl. at ¶ 10.  For these reasons, RSUI's coverage determination was reasonable and not in bad faith.

The Court also considers defendants' contention that RSUI acted in bad faith by failing to properly investigate.  "The reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact."  Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1161 (9th Cir. 2002).  "An insurer may not fail to conduct a reasonable investigation simply because it appears initially that the loss is not covered."  Fireman's Fund Ins. Co. v. Alaskan Pride P'ship., 106 F.3d 1465, 1470 (9th Cir. 1997).  It is also improper for an insurer to deny coverage based on assumptions or conjecture.  See, e.g., Indus. Indem. Co. v. Kallevig, 114 Wn.2d 907, 917 (1990); Bryant v. Country Life Ins. Co., 414 F. Supp. 2d 981, 1000 (W.D. Wash. 2006).  The problem with RSUI's contention that it denied coverage in its April 2007 e-mail is that the e-mail states that RSUI "assume[d]" that the exclusions applied.  The problematic reliance on assumptions is exacerbated by the fact that RSUI requested additional information from Berg in the e-mail, but chose to deny coverage before receiving that information:

> Based on our present information, it appears that these exclusions do apply.  As such, we assume that the exclusions that we identified in our June 5, 2006 letter do apply.  If you believe we are mistaken, please provide us with the information we had requested before and the facts and details sufficient for us to determine whether the exclusions identified in that letter do not apply.  Unless we hear otherwise, we assume that you do not desire to pursue this matter any further.

Thorne Opposition Decl., Ex C.  In the e-mail, RSUI specifically notes that it may not have had "sufficient" facts to determine "whether" the exclusions applied.  In the absence

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR SUMMARY
JUDGMENT REGARDING COUNTERCLAIMS - 7

of sufficient information, the Court cannot conclude as a matter of law that its investigation was reasonable. For these reasons, the Court will not grant summary judgment on this issue.

The Court also considers whether RSUI's post-denial conduct evidences bad faith. Defendants argue that after denying coverage, RSUI requested that Berg provide numerous documents already in its possession in violation of WAC 284-30-330(11). RSUI did not respond to that argument, so the Court will not grant its request for summary judgment on that issue.[2] Defendants also contend that RSUI failed to conduct any investigation after Berg informed it that the project was "mixed-use." The parties' experts disagree about whether RSUI had a duty to further investigate at that point. Thorne Opposition Decl. at ¶ 10 (explaining that given the allegedly new reference to commercial space, "it would be the custom and practice for RSUI and/or its attorney to have followed up and independently investigated this issue and factored it into RSUI's approach to and conduct at the mediation and the subsequent settlement-related communication between the parties."); Windt Report at ¶ 16. RSUI has not cited any legal authority for its position that an insurer is not required to investigate after learning new facts that could trigger coverage, and the assertion is inconsistent with an insurer's fiduciary duty towards its insured. Accordingly, defendants may pursue a bad faith claim and a related CPA claim based on RSUI's conduct.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's motion for summary judgment

---

[2] Similarly, RSUI did not substantively address the litany of other post-denial incidents that defendants claim constitute bad faith. The Court will not grant summary judgment on those issues.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR SUMMARY
JUDGMENT REGARDING COUNTERCLAIMS - 8

regarding defendants' IFCA, CPA and bad faith counterclaims (Dkt. #42) is GRANTED IN PART AND DENIED IN PART. Defendants' IFCA claim is dismissed, and their bad faith claim is dismissed in part as set forth above.

DATED this 18th day of December, 2009.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT REGARDING COUNTERCLAIMS - 9