1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                   WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
8
   RSUI INDEMNITY COMPANY, INC.,
9
                    Plaintiff,
10
          v.                                Case No.  C08-1386RSL
11
   VISION ONE, LLC, *et al.*,               ORDER DENYING DEFENDANTS'
                                            MOTION TO PRECLUDE
12                  Defendants.             COLLATERAL ATTACK ON
                                            SUPERIOR COURT'S
13                                          REASONABLENESS
                                            DETERMINATION
14

15

16          This matter comes before the Court on a motion filed by defendants Vision One,

17  LLC ("Vision One") and Berg Equipment & Scaffolding Co., Inc. ("Berg") seeking a

18  ruling that the Pierce County Superior Court's September 15, 2008 reasonableness

19  determination is not subject to challenge in this action by plaintiff RSUI Indemnity

20  Company, Inc. ("RSUI").  The reasonableness determination is now on appeal to the

21  Washington State Court of Appeals.[1]

22          In the underlying litigation, RSUI claimed that it lacked proper notice and an

23

24  ─────────────────────

25       [1]  Because the Court finds that the matter can be decided based on the parties'
    memoranda and supporting documents, defendants' request for oral argument is denied.

26  ORDER DENYING MOTION - 1

opportunity to meaningfully evaluate the settlement. Judge Kitty-Ann Van Doorninck found that RSUI had been "able to be involved as much as they wanted to." Edmonds Decl., Ex. 1 at p. 6.

Defendants in this litigation now move to preclude RSUI from challenging the reasonableness determination before this Court. RSUI, however, has not done so, and it has stated that it does not plan to do so. RSUI's opposition to the motion states that it "does not ask this Court to find [that] the state court judgment is unreasonable or unenforceable" and that its defenses to defendants' counterclaims "do not require the Court to 'go behind' the state court's reasonableness determination." Opposition at p. 1. Furthermore, defendants do not need a Court order to state the obvious: the state court reasonableness determination is entitled to full faith and credit in this Court. Nor have defendants shown why this Court should grant their motion in the absence of its relevancy to any issue currently before the Court. Although defendants suggest that their motion is brought *in limine*, they have not identified any specific documents or testimony that they seek to preclude RSUI from introducing.[2] The Court will not give an advisory opinion on an issue that has not arisen and may not arise.

---

[2] In their reply memorandum, defendants belatedly identify statements in the reports of RSUI's experts that question the reasonableness determination. Reply at p. 2. Despite the experts' statements, RSUI has stated that it does not plan to challenge the reasonableness determination. Regardless, the Court will not consider new arguments made for the first time in a reply because RSUI did not have the opportunity to address them.

Accordingly, defendants' motion (Dkt. #23) is DENIED.

DATED this 18th day of December, 2009.

Robert S. Lasnik
United States District Judge