UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RSUI INDEMNITY COMPANY, INC.,

Plaintiff,

v.

VISION ONE, LLC, *et al.*,

Defendants.

Case No. C08-1386RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL AND MULLIN'S MOTION FOR A PROTECTIVE ORDER

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff RSUI Indemnity Company, Inc. ("RSUI") to compel a third party, the Mullin Law Group ("Mullin"), to produce documents relating to settlement negotiations in the underlying state court litigation and relating to defendant Berg's communications with its insurers, including RSUI, regarding that litigation. RSUI also seeks to hold Mullin in contempt for failing to produce the documents. Mullin counters that some of the documents requested are privileged and that it has already produced the non-privileged documents. In response to the motion, Mullin filed a cross-motion for a protective order.

For the reasons set forth below, the Court grants both motions in part and denies

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND MULLIN'S MOTION FOR A PROTECTIVE ORDER - 1

the request for a finding of contempt.

## II. ANALYSIS

Pursuant to Fed. R. Civ. P. 26(c)(1), the Court may issue an order prohibiting or limiting discovery to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Court may also limit the discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, the party seeking the discovery has had ample opportunity to obtain the information by discovery in the action," or if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1)(C).

After Mullin objected to RSUI's original subpoena, RSUI revised it to request (1) all documents relating to the settlement in the underlying case, and (2) all documents relating to any communication with Berg's insurers concerning the underlying litigation. The first category of documents is overbroad in that it could require Mullin to produce all of the documents filed in the underlying litigation, even though those documents are publicly filed and equally available to RSUI. The Court will not require Mullin to produce those documents. Similarly, the Court will not require Mullin to produce documents that have already been produced.

Having limited the scope of the subpoena, the Court considers the potential relevance of the requested documents. Mullin argues that the documents sought are not relevant because RSUI cannot now challenge the finding in state court that the parties' settlement was reasonable. However, RSUI has identified additional relevancy grounds:

> Mullin's communications with Berg's insurers are relevant to RSUI's claims that Berg failed to cooperate with RSUI by not providing necessary information and settling without RSUI's consent. Such communications are also relevant to RSUI's defenses to Vision One's counterclaims, since the records will likely yield further evidence that Berg continued communicating with Admiral to the exclusion of RSUI while setting up bad faith claims and a stipulated judgment collectible only against RSUI for $2.3 million.

RSUI's Motion to Compel at p. 7. Specifically, RSUI argues that Berg, partially through its counsel Mullin, breached its obligation to keep RSUI informed of relevant events in the underlying litigation and excluded it from settlement negotiations. It also claims that Berg excluded RSUI from settlement negotiations to create the "bad faith" situation of which it now complains. Reply at p. 2. RSUI has shown that the documents sought are relevant to Berg's bad faith claim and to RSUI's contention that Berg failed to fully cooperate. In addition, the issues of whether RSUI engaged in bad faith and whether Berg fully cooperated are distinct from the issue of whether the settlement was reasonable. The state court did not resolve those issues, so collateral estoppel and *res judicata* do not apply. Furthermore, because defendants are pursuing claims for bad faith and violations of the CPA, RSUI is facing approximately $7 million in damages, plus attorney's fees. It should be given the opportunity to review documents that may shed light on Berg's cooperation, communications with Admiral, and its efforts to communicate with RSUI. In contrast, although Mullin claims to have boxes of documents relating to the underlying litigation, it has not specified how many of those documents reflect settlement negotiations and communications between Berg and its insurers. In fact, it is likely that the documents comprise no more than two-thirds of a redweld.[1] Therefore, Mullin has not shown that it would be unduly burdensome to

---

[1] Mullin's counsel stated in its opposition to the motion that it compared the settlement documents already produced by Vision One to those contained in its own file,

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND MULLIN'S MOTION FOR A PROTECTIVE ORDER - 3

product documents in those two areas. Accordingly, except as set forth above, Mullin is required to produce its non-privileged documents that are responsive to the narrowed subpoena.

The Court also considers Mullin's objection that the communications are protected by the attorney-client privilege.[2] RSUI seeks to compel Mullin to provide a privilege log to describe their contents so it can evaluate the claim of privilege. Mullin has not identified the allegedly privileged documents nor described their contents. Its assertion of privilege is therefore inadequate under Fed. R. Civ. P. 45(d)(2). <u>See, e.g.</u>, <u>Southern Union Co. v. Sw. Gas Corp.</u>, 205 F.R.D. 542, 550 (D. Ariz. 2002) (explaining that the party claiming the privilege has the burden of proving it and "providing an adequate identification of the reasons why the privilege is warranted with respect to each and every document claimed to be protected"). Rule 45 requires entities claiming privilege in

---

and "determined that it does not appear to have any additional settlement records in its possession other than those already produced by Vision One." Opposition at p. 9; Declaration of Tracy Duany ("Duany Decl.") at ¶ 21. The documents produced by Vision One comprise approximately two-thirds of a redweld. Supplemental Declaration of David East at ¶ 2. Moreover, the Duany Declaration does not definitely state that the Vision One file contains all of the documents Mullin has on the subject. Duany Decl. at ¶ 21 (explaining that she determined, "after a reasonable review," that her firm "does not *appear* to have any additional documents.") (emphasis added). Furthermore, when counsel conferred, Duany indicated that she did not intend to verify that each document was the same. Supplemental East Decl. at ¶ 3. For these reasons, the Court will not assume that Mullin's file is simply duplicative of the already-produced Vision One file.

[2] Although Mullin also objected to the subpoena on work product grounds, its opposition contains a single reference to the doctrine: "Any communications between Mullin Law Group and Berg's insurance carrier are therefore protected by the attorney-client privilege and/or work product doctrine." Opposition at pp. 10-11. Neither that statement, nor the rest of the memorandum, set forth a basis for applying the work product doctrine. Accordingly, the Court will not issue a protective order based on that basis.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND MULLIN'S MOTION FOR A PROTECTIVE ORDER - 4

response to a subpoena to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2)(A)(ii). Mullin's objection to the subpoena on privilege grounds is vague and simply asserts the privilege. East. Decl., Ex. C. Accordingly, RSUI's request to compel Mullin to produce a privilege log is granted.

Mullin also argues that if RSUI or another third party is successful in challenging the reasonableness determination before the state court of appeals, then "Berg will be back in trial court defending claims against Vision One–a party to the instant litigation." Mullin's Opposition at p. 10. That statement does not support the claim of privilege because the privilege continues regardless of the status of the litigation. Moreover, it is RSUI, not Vision One, that is requesting the documents. Rather than supporting Mullin's opposition, the statement raises a red flag that counsel representing both Berg and Vision One in this case may have a potential conflict of interest. Although the Court is not pursuing the issue now, it will raise it if the upcoming mediation fails and may require defendants to obtain separate counsel for trial.[3] Accordingly, Mullin will be required to produce the requested documents and a privilege log.

In addition to moving to compel, RSUI requested that the Court hold Mullin in contempt for failing "without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). Fed. R. Civ. P. 45(c)(2)(B) provides that a party on whom a subpoena is served may serve objections to the subpoena within the time set forth in the rule, which Mullin

---

[3] Counsel are advised to review the Court's order disqualifying the Lane Powell firm based on a conflict of interest in *In re CellCyte Litigation*, Case No. 08-0047RSL, Dkt. #131.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO
COMPEL AND MULLIN'S MOTION FOR A PROTECTIVE ORDER - 5

did.  However, as set forth above, Mullin violated Rule 45 by failing to provide an adequate description of the documents withheld on privilege grounds.  Fed. R. Civ. P. 45(d)(2)(A)(ii); see also Advisory Committee Notes, 1991 Amendment ("A person claiming a privilege or protection who fails to provide adequate information about the privilege or protection claim to the party seeking the information is subject to an order to show cause why the person should not be held in contempt under subdivision (e)."). Although Mullin's objection to the subpoena on privilege grounds was vague and simply asserted the privilege, the following month, Mullin provided slightly more information in a letter.  East. Decl., Exs. C, E.  Although Mullin did not describe the nature of the withheld documents in sufficient detail, Mullin did inform RSUI that the documents reflected "internal communications regarding settlement."  Id.  In light of the fact that Mullin timely objected to the subpoena, informed RSUI of the general nature of the documents, and provided some documents in response to the subpoena, the Court will not find Mullin in contempt of Court.

### III.  CONCLUSION

For all of the foregoing reasons, plaintiff's motion to compel (Dkt. #26) and Mullin's cross-motion for a protective order (Dkt. #34) are GRANTED IN PART AND DENIED IN PART as set forth above.  Mullin must produce its responsive documents and a privilege log within twenty days of the date of this order.

DATED this 18th day of December, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge