The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RSUI INDEMNITY COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> VISION ONE, LLC, a Washington limited liability company; and BERG EQUIPMENT & SCAFFOLDING CO., INC., a Washington corporation, <br><br> Defendants. | NO. C08-1386RSL <br><br> MOTION RE QUALIFICATION OF COUNSEL <br><br> NOTE ON MOTION CALENDAR <br> February 19, 2010 |

I. BACKGROUND

In its Order Granting in Part Plaintiff's Motion to Compel and Mullin's Motion For a Protective Order, dated December 18th, 2009, this Court quoted from Mullin's objection to RSUI's subpoena in which he argued, *inter alia*, as zealous advocate in defense of his firm's position with respect to that subpoena, that if RSUI or another party is successful in challenging the reasonableness determination before the state court of appeals, "Berg will be back in trial court defending claims against Vision One – a party to the instant litigation."[1] This Court went on to state: "Rather than supporting Mullin's opposition, the statement raises a red flag that counsel representing both Berg and Vision One in this case may have a potential conflict of

---

[1] Dkt. 84, p. 5, ll. 7-9.

MOTION RE QUALIFICATION OF COUNSEL - 1
(C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2718540.2

1   interest."[2]  The Court also stated that it would await the outcome of the upcoming mediation to
2   pursue the issue.
3           The theoretical <u>possibility</u> of any such retrial in state court arises from the following
4   language contained in the settlement agreement executed by Berg and Vision One:
5   > This Agreement is contingent upon approval by the Pierce County Superior
    > Court….In the event that such approval is not obtained, this settlement shall be of
6   > no force and effect.
7   Unlike the specific and explicit condition of superior court approval, the settlement agreement,
8   which is discussed in considerable detail in the Edmonds Declaration, does not refer to or
9   explicitly address the issue of how the outcome of any appeal would affect the settlement.
10  Neither Berg nor Vision ever made any representation that a reversal of the superior court's
11  determination of reasonableness would result in the condition of court approval being or
12  becoming unsatisfied, with the result that the settled claims would be revived and subject to trial
13  between Berg and Vision One.  In addition, the Superior Court entered an order dated October 16,
14  2008 dismissing *with prejudice* all claims amongst the parties "pursuant to the Settlement
15  Agreement approved by the Court on September 15, 2008[.]"  No party has appealed that order.
16  See ¶ 5, Edmonds Declaration and Exhibit 2 thereto.  The fact that Mr. Mullin may have
17  perceived the idea of re-litigating the underlying case to be a viable argument in opposition to the
18  subpoena should not control the outcome of the question of whether Williams Kastner may have a
19  potential conflict of interest.
20          Whether or not the possibility of "undoing" the settlement ever existed or created any
21  actual or potential conflict of interest, that possibility no longer realistically exists.  This
22  conclusion is supported by the following supporting documents accompanying this motion:
23          • Declaration of Roger Hebert with attached opinion letter from independent
              counsel Stephen Todd
24
25

---

[2] *Id*. at p. 5, ll. 12-14.

MOTION RE QUALIFICATION OF COUNSEL - 2
(C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2718540.2

- Declaration of Jerry Edmonds
- Declaration of John Strait
- Declaration of David Boerner
- Declaration of Michael Shipley
- Declaration of William Pelandini

## II.  DISCUSSION

A.  <u>RPC 1.7 provides</u>:

CONFLICT OF INTEREST; CURRENT CLIENTS

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing (following authorization from the other client to make any required disclosures).

Williams Kastner did not and does not believe that the theoretical possibility of the settlement being "undone" by appellate or other rulings, leading to a trial of the issues that were the subject of the Berg/Vision One settlement, was ever an actual possibility or a basis for any

MOTION RE QUALIFICATION OF COUNSEL - 3
(C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2718540.2

actual or potential conflict of interest. *See, inter alia*, Edmonds Declaration at ¶ 2. First, even if there were a ruling in the Court of Appeals that could lead to the specter of a superior court trial of the issues resolved and extinguished by the Berg/Vision settlement, Williams Kastner would not represent either party in that litigation. Edmonds Declaration at ¶ 7. In addition, none of the parties nor their insurers (who were signatories on the settlement agreement) has any interest in resurrecting the pre-existing litigation regardless of whether there is any remand and/or vacating or reversing of the trial court's decision on the reasonableness of the settlement. The Pierce County litigation was settled, once and for all, by the settlement agreement and all claims were dismissed, with prejudice, by court order which has not been appealed. The parties to the agreement, including the carrier signatories, have already performed their contractual obligations.

In the accompanying Declaration of Vision One and Vision Tacoma principal Roger Hebert, Mr. Hebert states, on behalf of those entities, *which, as the former plaintiffs, are the only entities that even theoretically would have any interest in re-opening the litigation*, that they "hereby affirm unequivocally that they have not and will not assert any ability under the settlement agreement to undo the settlement agreement or to resurrect the pre-existing litigation, regardless of rulings by the Court of Appeals or the Superior Court as to approval of the settlement." Hebert Decl. at ¶ 3. Berg, as a former *defendant*, would clearly have no interest in re-exposing itself to liability to which it is not currently exposed.

In addition, because the settlement agreement contains an arbitration clause, an arbitrator would have to find that the settlement agreement, which does not explicitly address the issue of appeal, but does explicitly condition settlement on superior court approval, contemplated re-initiating litigation if Judge Van Doorninck's approval was reversed on appeal. Given the fact that the settlement agreement makes no mention whatsoever of the consequences of any appeal, in contrast to the clear and unequivocal condition of superior court approval, the obvious

MOTION RE QUALIFICATION OF COUNSEL - 4
(C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2718540.2

1  inference is that the agreement did *not* contemplate additional litigation depending on the
2  outcome of any appeal.
3    B. <u>RPC 1.9 Duties to Former Client</u>.
4    RPC 1.9 provides that a lawyer who has formerly represented a client in a matter shall not
5  thereafter represent another person "in the same or substantially related matter in which that
6  person's interests are materially adverse to the interests of the former client unless the former
7  client gives informed consent, confirmed in writing." Subsection (c) of RPC 1.9 prohibits a
8  lawyer who has formerly represented a client in a matter to use information relating to the
9  representation to the disadvantage of the former client[3] or to reveal information relating to the
10 representation.[4]
11   Here, as discussed in the Edmonds Declaration at ¶ 7 and the Strait Declaration at ¶ 6, the
12 Williams Kastner firm would not represent either party in connection with any "re-opened"
13 litigation arising out of the October, 2005 collapse. In addition, Vision's principal Roger Hebert,
14 after consultation with independent counsel Stephen Todd, has signed a waiver of any theoretical
15 conflict of interest posed by Williams Kastner's continued representation of Vision and Berg in
16 this litigation. With regard to Berg, as discussed in Mr. Edmonds' Declaration, the Williams
17 Kastner firm has received no confidential information. Mr. Mullin has maintained, as this Court
18 is aware by virtue of the motion to compel ruled on at Dkt. 84, that the documents set forth in his
19 privilege log are in fact privileged and has not disclosed them to any party or its counsel in this
20 litigation, including the Williams Kastner firm.[5] *See* Edmonds Declaration ¶ 8. Mr. Edmonds'
21 limited contact with Mr. Berg primarily concerned Mr. Berg's deposition taken in July of 2009.
22 Moreover, the Williams Kastner firm's representation of Berg only extends to issues concerning

---

[3] Except as the Rules would permit or require with respect to a client or when the information has become generally known.
[4] Except as the Rules would permit or require with respect to a client.
[5] Nor has Williams Kastner sought disclosure of these materials. These materials are currently the subject of a motion for *in camera* review.

MOTION RE QUALIFICATION OF COUNSEL - 5
(C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2718540.2

the settlement and assignment, issues about which Berg's information has already been made public, including in Mr. Petrich's Declaration in the Pierce County litigation, in which he states that he advised Berg to agree to the settlement, and Mr. Berg's Declaration in that litigation, in which he discusses the settlement and assignment.

C. <u>Practical and Ethical Considerations</u>.

Because Williams Kastner would not be involved in any theoretical, remote and unlikely superior court trial of issues already settled and extinguished between Berg, D & D and Vision One; because the interests of Berg and Vision are now aligned rather than adverse; because Williams Kastner has no confidential information concerning Berg; and because Vision, after consultation with independent counsel, has waived any theoretical conflict, there is no ethical impediment to Williams Kastner's continued representation of Berg and Vision in this litigation.[6]

Given the possibility of yet another delay of the trial date and additional significant expense, it is important that this matter be clarified promptly. Accordingly, Vision and Berg respectfully request a ruling clarifying that defendants can continue to be represented by counsel of their choosing, Williams Kastner.

## III. CONCLUSION

Contrary to Mr. Mullin's argument, as zealous advocate opposing RSUI's subpoena, there is in fact no possibility that Berg will be back in trial court defending claims against Vision One. It is in neither party's interest to "re-open" the Pierce County litigation and in fact is directly contrary to the interests of Berg, since it would be exposing itself yet again to liability to which it has no current exposure. Vision has unequivocally waived any right, assuming one existed, to re-open such litigation. In addition, Williams Kastner would not represent either party even if there were any such theoretical additional litigation between Berg and Vision One. As this Court stated

---

[6] See also Boerner Declaration filed herewith.

MOTION RE QUALIFICATION OF COUNSEL - 6
(C08-1386RSL)

2718540.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1 in its order in the Lane Powell matter, "The Court is loathe to interfere with a party's choice of
2 counsel or with the attorney-client relationship."[7]  In this case, there is no reason to do so.
3      Respectfully submitted this 8th day of February, 2010.

/s/ Jerry B. Edmonds, WSBA #6639
/s/ Teena M. Killian, WSBA #15805
Attorneys for Defendant Vision One, LLC
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email: jedmonds@williamskastner.com

---

[7] Order Granting Motion to Disqualify Lane Powell, Case No. C08-47RSL, p. 9, ll. 1-2.

MOTION RE QUALIFICATION OF COUNSEL - 7
(C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2718540.2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

David A. Linehan
Malaika M. Eaton
Law Offices of McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, WA  98101-3143

<u>s/ Jerry B. Edmonds, WSBA #6639</u>
<u>s/ Teena M. Killian, WSBA #15805</u>
Attorneys for Defendants Vision One, LLC
and Berg Equipment & Scaffolding Co., Inc.
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email:   jedmonds@williamskastner.com
             tkillian@williamskastner.com

MOTION RE QUALIFICATION OF COUNSEL - 8
(C08-1386RSL)

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2718540.2