UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RSUI INDEMNITY COMPANY, INC.,

Plaintiff,

v.

VISION ONE, LLC, *et al.*,

Defendants.

Case No. C08-1386RSL

ORDER GRANTING
MOTION TO STAY

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff RSUI Indemnity Company, Inc. ("RSUI") to stay this action pending resolution of its appeal of a state court decision involving many of the same parties. In the underlying state court litigation, the Pierce County Superior Court approved as reasonable a settlement between Berg and Vision One; the settlement provided that the $2.3 million stipulated judgment would be collectible only against RSUI. RSUI contended to the trial court, and argues in its appeal to the Washington State Court of Appeals, that it had insufficient time to contest the reasonableness of the settlement. Trial in this case is scheduled to begin on March 1, 2010.

For the reasons set forth below, the Court grants the motion and stays this case.

ORDER GRANTING MOTION TO STAY - 1

## II. ANALYSIS

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the Court." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).

Defendants vigorously oppose the motion, contending that the state trial court has already issued a final judgment, that judgment is entitled to full faith and credit, and additional delay would prejudice them and serve no purpose. The fact that the state court's determination is entitled to full faith and credit, however, is not dispositive. Rather, the Court's analysis of this motion turns on whether it would be "efficient for its own docket and the fairest course for the parties to enter a stay of an action" pending resolution in the state courts. Leyva, 593 F.2d at 863-64. Although the parties raise a host of issues in their memoranda, one issue is dispositive: at trial, defendants undisputedly will argue that RSUI is liable for at least the $2.3 million stipulated judgment. It will also ague that because of RSUI's failure to pay that amount, Vision One was forced to sell the condominiums at reduced prices, resulting in significant losses. Those claims, central to defendants' position, necessarily implicate the propriety of the $2.3 million judgment. If the reasonableness determination were overturned on appeal, it would eliminate the basis for defendants' claimed presumption of damages and alter their theory of damages. Alternatively, if this Court were to proceed to trial before the resolution of the state court appeal, any judgment against RSUI could be subject to vacatur. In addition, the amount of damages is not a minor issue. Now that the Court has

ORDER GRANTING MOTION TO STAY - 2

determined that coverage exists, the amount of damages is a key issue likely to encompass a significant portion of the trial. For these reasons, the Court finds that it would be efficient for its own docket and the fairest course for the parties to enter a stay of this action pending resolution of the related issues in state court.

Although the presence of that issue alone is sufficient to convince the Court that a stay is warranted, other factors support that conclusion. The Court previously raised the issue of whether defense counsel, who represent both Berg and Vision One in this case, have a conflict of interest. Defendants only recently filed a motion to address that issue, and the motion is noted for the Friday before the Monday trial date. The Court will not be in position to rule on that motion before the trial begins, and if defense counsel is disqualified, defendants will not be in a position to defend themselves at trial. Defendants' argument that no conflict exists misses the point. Given the quickly impending trial, it is fairer to the parties to stay the case, and doing so would conserve judicial resources because resolution of the appeal will certainly shed light on the issue. Moreover, another appeal could affect the parties' rights in this case. Vision One also sued its insurer, Philadelphia Indemnity Company ("Philadelphia"), in a second state court action. The trial court in that case held that most of Vision One's claimed consequential damages were not covered by Philadelphia's policy. Vision One and Philadelphia cross–appealed in that case. If the decision were overturned, Vision One could potentially recover all of its consequential damages from Philadelphia and be precluded from a double recovery in this case.

Furthermore, all briefing to the court of appeals will be completed by February 15, 2010, so the delay is unlikely to be protracted. Defendants note that the Court has already ruled that coverage exists, and they should be allowed to proceed to trial to prove their damages expeditiously. Although the Court is sympathetic to that concern, it notes that

ORDER GRANTING MOTION TO STAY - 3

defendants will not suffer prejudice or irreparable harm by a delay. Rather, discovery has concluded, evidence is preserved, and their damages are economic.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's motion to stay (Dkt. #86) is GRANTED. All deadlines in this matter are hereby vacated.

The parties must notify the Court within seven days after the Washington State Court of Appeals issues its mandate in the appeal regarding the reasonableness determination.[1] At that time, they may request that the stay be lifted and propose a new trial date.

DATED this 12th day of February, 2010.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] If the appeal regarding the Philadelphia insurance litigation is resolved first, the parties should promptly notify the Court of the outcome of that appeal. However, absent agreement of the parties, the Court will not hear a motion to lift the stay until after the resolution of the appeal of the reasonableness determination.

ORDER GRANTING MOTION TO STAY - 4