1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   RSUI INDEMNITY COMPANY, INC.,

10             Plaintiff,                      Case No.  C08-1386RSL

11        v.                                   ORDER GRANTING IN PART
                                               DEFENDANTS' MOTION
12   VISION ONE, LLC, *et al.*,                FOR SUMMARY JUDGMENT

13             Defendants.

14

15        This matter comes before the Court on the "Motion By Vision One and Berg Equipment

16   for Lifting of Stay and For Certain Rulings Based on Outcome of RSUI's State Court Appeal"

17   (Dkt. # 123).  In February 2010, the Court stayed this case pending the outcome of Plaintiff

18   RSUI Indemnity Company, Inc.'s ("RSUI") appeal of the state court decision that the underlying

19   settlement agreement between Defendants Vision One, LLC ("Vision One") and Berg

20   Equipment & Scaffolding Co., Inc. ("Berg") (collectively "Defendants") was reasonable.  The

21   Court of Appeals of the State of Washington affirmed the trial court's reasonableness

22   determination and issued its mandate on August 28, 2012.  Notice (Dkt. # 125-1). On October

23   29, 2012, the Court held a status conference, during which the Court granted Defendant Vision

24   One's request to lift the stay, and based on the parties' agreement, allowed the parties to submit

25   additional briefing regarding Vision One's motion for summary judgment regarding damages.

26        The Court described the background facts underlying this matter in the Court's "Order on

27

28   ORDER GRANTING IN PART DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT- 1

1   Cross Motions Regarding Coverage" (Dkt. # 81).  It will not repeat those facts here.

2       Vision One seeks summary judgment that the presumptive measure of RSUI's liability in

3   this case is $2.3 million, the value of the settlement between Vision One and Berg in the

4   underlying litigation.  RSUI opposes Vision One's motion on the basis that there must be a

5   finding of bad faith before the presumptive value of the damages may exceed the limits of the

6   underlying insurance policy.

7       The Court, having reviewed the memoranda, supporting documents, and the remainder of

8   the record, GRANTS IN PART and DENIES IN PART Vision One's motion.

## II.  ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to
the nonmoving party, the records show that "there is no genuine dispute as to any material fact
and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party
seeking summary dismissal of the case "bears the initial responsibility of informing the district
court of the basis for its motion," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and
identifying those portions of the materials in the record that show the absence of a genuine issue
of fact, Fed. R. Civ. P. 56(c)(1).  Once the moving party has satisfied its burden, it is entitled to
summary judgment if the non-moving party fails to designate "specific facts showing that there
is a genuine issue for trial."  Celotex Corp., 477 U.S. at 324.  "The mere existence of a scintilla
of evidence in support of the non-moving party's position is not sufficient."  Triton Energy
Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary judgment should be
granted where the nonmoving party fails to offer evidence from which a reasonable jury could
return a verdict in its favor."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d
626, 631 (9th Cir. 1987).

### B.  Presumptive Damages

Under Washington law, an insured defendant may independently negotiate a settlement if

28  ORDER GRANTING IN PART DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT- 2

1    the insurer declines in bad faith to participate in the liability action, and then seek recovery from

2    the insurer in a bad faith action.  Besel v. Viking Ins. Co., 146 Wn.2d 730, 736 (2002).  The

3    presumptive measure of damages in the bad faith action is the settlement amount, as long as the

4    settlement is reasonable and not the product of fraud or collusion.  Id.  This type of settlement

5    agreement, often called a covenant judgment, includes three features: "(1) a stipulated or consent

6    judgment between the plaintiff and the insured, (2) a plaintiff's covenant not to execute on that

7    judgment against the insured, and (3) an assignment to the plaintiff of the insured's coverage and

8    bad faith claims against the insurer."  Bird v. Best Plumbing Group, LLC, 175 Wn.2d 756, 764-

9    65, 287 P.3d 551 (2012) (en banc).

10        RSUI opposes Vision One's request for presumptive damages first, on the basis that

11   presumptive damages are not appropriate in this case because Berg, and therefore Vision One as

12   Berg's assignee, has not been harmed by the underlying litigation.  Response (Dkt. # 134) at 12.

13   However, Washington courts have repeatedly rejected this argument, finding that "[an]

14   agreement not to execute does not preclude a showing of harm."  Besel, 146 Wn.2d at 737

15   (alteration in original) (quoting Safeco Ins. Co. of Am. v. Butler, 118 Wn.2d 383, 397 (1992)).

16   "[A] covenant not to execute coupled with an assignment and settlement agreement is not a

17   release permitting the insurer to escape its obligation."  Kagel v. Aetna Life & Cas. Co., 40 Wn.

18   App. 194, 198 (1985).

19        Second, RSUI contends that even if presumptive damages are appropriate in this case, the

20   amount of the presumed damages cannot exceed the $1 million limit of Berg's policy with

21   RSUI, absent a finding of bad faith. Response at 6-10.  Vision One, relying primarily on Mut. of

22   Enumclaw Ins. Co. v. T&G Const., Inc., 165 Wn.2d 255 (2008), argues that this Court's earlier

23   finding of coverage under the RSUI policy and the recent appellate court decision affirming the

24   trial court's reasonableness finding mandate a finding that the presumptive measure of RSUI's

25   liability in this case is $2.3 million, the settlement value.  Motion (Dkt. # 123) 6-11.

26        In T&G Construction, the insurance company defended the insured in the liability case,

27

28   ORDER GRANTING IN PART DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT- 3

but neglected to participate in the final round of settlement negotiations.  T&G Construction, 165

Wn.2d at 259.  The parties settled for $3.3 million and the insurance company challenged the

reasonableness of the settlement.  The trial court found the settlement reasonable, but later

reduced the settlement to $3 million on the insurer's motion for reconsideration.  In a separate

coverage action, the insurer objected to paying the amount of the settlement, contending that the

policy only obligated it to "pay those sums that the insured becomes legally obligated to pay as

damages because of. . . property damage," and the insurer believed that the insured should have

prevailed on an affirmative defense.  Id. at 262-63 (quotations omitted).  The Washington

Supreme Court disagreed, finding that "[w]hen the insurer had an opportunity to be involved in a

settlement fixing the insured's liability, and that settlement is judged reasonable by a judge, then

it is appropriate to use the fact of settlement to establish liability and the amount of settlement as

the presumptive damage award for purposes of coverage."  Id. at 267.  Here, there is no

indication that the covenant judgment was the product of fraud or collusion and the state

appellate court recently upheld the lower court's finding that it was reasonable.  The Court,

therefore, finds that presumptive damages are appropriate in this case.

Having found that damages may be presumed in this case, the Court now must determine

the amount of presumptive damages.  Unlike the present case, T&G Construction did not involve

a covenant judgment that exceeded the insured's policy limits.  Vision One concedes that T&G

Construction does not expressly address the circumstances presented here, but it concludes that

the Washington Supreme Court nevertheless intended its holding in that case to apply to

situations in which the covenant judgment is higher than the insured's policy limits.  Reply (Dkt.

# 136) at 6-7.  The Court disagrees.

In T&G Construction, the court extended its earlier decision in Besel that a covenant

judgment in the liability case establishes the presumptive damages in subsequent bad faith

actions to situations in which the insurer did not act in bad faith.  In Besel, the court expressly

required a finding of bad faith before allowing the insured to recover more than the policy limits.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 4

1  Besel, 146 Wn.2d at 740 ("Because [the insurer] acted in bad faith, [it] is liable for the entire

2  amount of the settlement.").  The court reassured insurers that they can avoid this extreme result

3  by acting in good faith.  Id.

4        Furthermore, in T&G Construction, the court refers to situations in which a plaintiff may

5  recover more than the policy limits to distinguish certain coverage issues from those present in

6  the case before it.  The court, in a footnote, affirmed the appellate court's finding that coverage

7  by estoppel is only applicable when the insurer acts in bad faith and therefore, did not apply to

8  the case before it.  In making this distinction, the court explained that "[f]urther, coverage by

9  estoppel will require the insurer to pay all damages regardless of policy limits."  T&G

10 Construction, 165 Wn.2d at 267 n.4.  That the court expressly distinguished the present coverage

11 issues from those involving bad faith and coverage by estoppel by that doctrine's ability to reach

12 beyond the insured's policy limits suggests that the court did not intend its holding to apply to

13 situations in which the covenant judgment exceeds the policy limits.  See id.

14       In addition to relying on T&G Construction, Vision One recommends that the Court

15 follow the reasoning of a 1978 New Hampshire case, Lawton v. Great Southwest Fire Ins. Co.,

16 118 N.H. 607, 392 A.2d 576 (1978).  However, Lawton does not support the broad ruling that

17 Vision One seeks.  In Lawton, the New Hampshire Supreme Court determined that an insured's

18 breach of contract claim seeking damages in excess of his insurance policy limits survives a

19 motion to dismiss.  Lawton, 118 N.H. at 612-13.  On the defendant's motion to dismiss, the court

20 held that the plaintiff *may* be able to recover damages in addition to the policy limits, not that he

21 was *entitled* to such damages.  Id. ("Whether the [insurer's] delay was in fact in bad faith,

22 whether the damages alleged to have resulted from the delay were in fact foreseeable, and

23 whether these damages could have been avoided with reasonable efforts by the insured are

24 questions for the jury.").  Lawton does not stand for the proposition that an insured is

25 presumptively entitled to damages exceeding the policy limits based on a covenant judgment.

26       Consistent with Lawton, this Court's decision does not preclude an award of damages

27

28 ORDER GRANTING IN PART DEFENDANT'S
   MOTION FOR SUMMARY JUDGMENT- 5

greater than $1 million.  Despite this Court's earlier ruling that RSUI did not act in bad faith by

making an unreasonable coverage determination, Vision One may still be able to establish

RSUI's bad faith based on its failure to investigate, Order (Dkt. # 82) at 6-8, which could enable

Vision One to recover more than the policy limits.  <u>Besel</u>, 146 Wn.2d at 737 ("The principles in

<u>Butler</u> do not depend on how an insurer acted in bad faith.  Rather, the principles apply

whenever an insurer acts in bad faith, whether by poorly defending a claim under a reservation

of rights, refusing to defend a claim, or failing to properly investigate a claim.") (citations

omitted).  Vision One's bad faith claim based on RSUI's failure to investigate and post-denial

conduct remain for trial and thus, Vision One may pursue the additional $1.3 million, but it must

establish that RSUI acted in bad faith before it will be entitled to such damages.  The Court,

therefore, GRANTS IN PART Vision One's motion to set the amount of RSUI's presumptive

liability above the express policy limits.[1]

**C.  Pre-Judgment Interest**

In addition to seeking presumptive damages equal to the total covenant judgment, Vision

One argues that it is entitled to prejudgment interest at the rate of 12% per year since the date of

the reasonableness hearing in the underlying superior court case.  Motion at 11-12.  RSUI

contends that the amount RSUI owes Vision One, if anything, is not liquidated and therefore,

there is no justification for prejudgment interest.  Response at 14-15.

A party is entitled to prejudgment interest where the amount due is "liquidated."  <u>Prier v.

Refrigeration Eng'g Co.</u>, 74 Wn.2d 25, 32 (1968).  A claim is "liquidated" where "the evidence

furnishes data which, if believed, make it possible to compute the amount due with exactness,

without reliance on opinion or discretion."  <u>Id.</u>  Even if the claim is disputed, it may still be

---

[1] Vision One requests for the first time in its reply that the Court certify to the Washington
Supreme Court the question of whether a covenant judgment can set the presumptive damages above the
policy limits absent a finding of bad faith.  Reply at 7.  The Court is not persuaded that the law in this
case is either unascertainable or not clearly determined.  Therefore, the Court declines to certify the
issue.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 6

1    liquidated.  Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 685 (2000)

2    (quoting Prier, 74 Wn.2d at 33).

3         RSUI argues that even if the covenant judgment sets the presumptive measure of damages

4    in this case, the presumptive amount of damages is not liquidated because it constitutes "some

5    indeterminate amalgamation of putative contract and tort damages."  Response at 15.  However,

6    the Washington Court of Appeals has addressed a similar situation in an action concerning

7    indemnification for a settlement in an underlying case.  See King Cnty v. Puget Sound Power &

8    Light Co., 70 Wn. App. 58 (1993).  In Puget Sound Power, the trial court interpreted an

9    indemnity agreement to require the defendant to fully reimburse the plaintiff for the earlier

10   settlement with a third party and the court ordered the defendant to pay prejudgment interest

11   from the date of the settlement.  Puget Sound Power, 70 Wn. App. at 60.  The appellate court

12   upheld the trial court's award of prejudgment interest, stating that

13        a claim for a definite sum due to the plaintiff is still liquidated although the facts upon
          which the claim is based may be disputed, and even though the adversary successfully
14        challenges the amount and succeeds in reducing it .... *In short, it is the character of
          the claim and not of the defense that is determinative of the question whether an*
15        *amount of money sued for is a 'liquidated sum.'*

16   Id. at 62-63 (emphasis in original) (quoting Prier, 74 Wn.2d at 33).  As the Washington Supreme

17   Court stated in Prier, the award of prejudgment interest "has been based upon the view that one

18   who has had the use of money owing to another should in justice make compensation for its

19   wrongful detention."  Prier, 74 Wn. 2d at 32.  Having determined that coverage existed and that

20   the presumptive measure of damages is the policy limit, the Court finds that the amount Vision

21   One seeks to recover is a "liquidated sum," and therefore, Vision One is entitled to prejudgment

22   interest.

23        Having found that Vision One is entitled to prejudgment interest, the Court must

24   determine the applicable rate.  Even if Vision One is entitled to prejudgment interest on a

25   liquidated amount, RSUI contends, the applicable rate is the rate set forth in RCW

26   4.56.110(3)(b) for tort claims, not 12 percent.  Id. at 16.  Vision One argues that the rates in

27

28   ORDER GRANTING IN PART DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT- 7

RCW 4.56.110 apply to postjudgment interest, not prejudgment interest, and the applicable rate is 12 percent per year, as described in RCW 19.52.010.  Reply at 10.

Contrary to Vision One's argument, Washington courts use RCW 4.56.110 to determine the applicable prejudgment interest rate.  Unigard Ins. Co. v. Mut. of Enumclaw Ins. Co., 160 Wn. App. 912, 925 (2011).  Therefore, the relevant inquiry is whether RCW 4.56.110(3)(b) or RCW 4.56.110(4) applies to this case.  RCW 4.56.110(3)(b) (setting interest rate for tort claims); RCW 4.56.110(4) (catch all provision setting the interest rate for judgments not described elsewhere in statute at 12%).

"A 'mixed judgment,' a judgment based on more than one type of claim, is subject to only one interest rate.  Unigard, 160 Wn. App. at 925.  To determine which interest rate is the controlling interest rate, courts examine the components of the final judgment to determine the primary basis of the judgment, and therefore, the most applicable interest rate.  Woo v. Fireman's Fund Ins. Co., 150 Wn. App. 158, 173 (2009).

While the Court finds that the presumptive amount of damages in this case is $1 million, the Court is not in a position to determine the applicable prejudgment interest rate because the components of the final judgment are unknown.  Vision One's bad faith claims and related CPA claims remain for trial.  Order (Dkt. # 82).  The Court therefore, GRANTS IN PART Vision One's request for prejudgment interest and declines to set the rate until each component of the judgment is known.

### III.  CONCLUSION

For all the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Vision One's motion regarding damages (Dkt. # 123).  The Court GRANTS Vision One's request to set the presumptive value of damages and DENIES Vision One's request to set the presumptive value of damages above Berg's policy limits.  The presumptive measure of damages in this case is $1 million.  The Court GRANTS Vision One's request for prejudgment interest, but declines to set the rate until the full extent of the damages is determined.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 8

DATED this 21st day of February, 2013.


Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT- 9